UNITED STATES of America, Plaintiff–Appellee,

v.

Roger Lee HARRELL, a/k/a DuBuck; Lorenzo Allen, a/k/a Ren; Frances Syllvester Lindsey, Defendants–Appellants.

No. 87–5127.

United States Court of Appeals, Fourth Circuit.

Argued April 5, 1988.

Decided May 25, 1988.

Rehearing Denied June 16, 1988.

---

John W. Eppler (Knight, Dudley, Pincus, Dezern & Clarke, Norfolk, Va., on brief), Paul H. Ray (Chris A. Christie, Christie, Held, Kantor, Spanoulis & Christie, Virginia Beach, Va., on brief), for defendants-appellants.

James A. Metcalfe, Asst. U.S. Atty., Norfolk, Va., (Henry E. Hudson, U.S. Atty., Alexandria, Va., J. Philip Krajewski, Asst. U.S. Atty., Norfolk, Va., on brief), for plaintiff-appellee.

Before ERVIN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.

PER CURIAM:

The three defendants-appellants were tried and convicted of bank robbery in violation of 18 U.S.C. §§ 2113(a) and (d), and conspiracy in violation of 18 U.S.C. § 371. The convictions were affirmed on appeal. *United States v. Allen,* 787 F.2d 933 (4th Cir.1986). The Supreme Court granted certiorari, vacated the judgment, and remanded the case to this court for an application of *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), as it relates to jury selection and peremptory discharge of minorities from the panel. This court sent the case back to the district court for a determination of whether the prosecutor's actions constituted a prima facie case of racial discrimination. Based solely on the fact that the prosecutor struck five black jurors and that all three defendants were black, the district court ruled that the defendants had shown a prima facie case of discrimination. *United States v. Allen,* 666 F.Supp. 847, 853 (E.D. Va.1987). The court also ruled that the government rebutted the prima facie showing of discrimination and accordingly refused to order a new trial. We affirm.

In *Batson v. Kentucky,* 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986), the Supreme Court overruled part of *Swain v. Alabama,* 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965) and required prosecutors to be able to give "clear and reasonably specific," "legitimate reasons" for exercising their peremptory challenges. 476 U.S. at 98 n. 20, 106 S.Ct. at 1724 n. 20, 90 L.Ed.2d at 89 n. 20. The Court realized that divining the motives behind the actions of the prosecutor is an intrusion on prosecutorial autonomy, and it explained that because of the nature of the inquiry, the trial court's determination of the factual question of whether discrimination occurred is due great deference. 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21, 90 L.Ed.2d at 89 n. 21. *See also, United States v. Woods,* 812 F.2d 1483 (4th Cir.1987).

At the hearing before the district court, Judge Hoffman heard the testimony of Assistant United States Attorney Krajewski and his assistant and chose to believe that testimony. The men testified that no impure motives lay behind their striking of the black jurors. The prosecutor testified that he wanted an educated jury and one interested in a safe bank account to hear this case. Accordingly he sought to impanel educated jurors, and jurors with jobs. A review of the record shows that he was successful in his efforts. Those persons stricken by him were, to his knowledge, without secondary education or without jobs. The trial court found these explanations credible. 666 F.Supp. at 852–53.

The defendants offered no evidence to support their claims of discrimination at the hearing. They obviously chose to rely on the presumption created by their prima facie case. Judge Hoffman's well-reasoned opinion thoroughly explored the testimony of each witness and correctly applied the *Batson* standard. Our review of the record convinces us that his conclusion, that the prima facie case was rebutted, is the correct result. We therefore affirm on the opinion of the district court. *United States v. Allen,* 666 F.Supp. 847 (E.D.Va. 1987).

AFFIRMED.