931 F.2d 55
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John Graylon WELCH, Defendant-Appellant.
 No. 90-5182.
 United States Court of Appeals, Fourth Circuit.
 Submitted April 8, 1991.
Decided April 24, 1991.
 
 Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (CR-89-144-C)
 McArthur D. Mitchell, Charlotte, N.C., for appellant.
 Robert J. Conrad, Jr., Assistant United States Attorney, Charlotte, N.C., for appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 John Graylon Welch appeals his conviction for unlawful possession of a firearm by a convicted felon, in violation of 18 U.S.C. Sec. 922(g)(1). Because we find his appeal lacks merit, we affirm.
 
 
 2
 After a November 1989 jury trial, Welch was convicted and sentenced to a 41-month prison term plus an additional four years of supervised release. Welch's attorney then filed a brief with this Court pursuant to Anders v. California, 386 U.S. 738 (1967). The only issue mentioned by counsel in the Anders brief was a claim that the government had made discriminatory use of one of its peremptory challenges to strike the only black juror on the jury panel. Welch was given an opportunity to file a supplemental brief but has failed to do so.
 
 
 3
 A prosecutor cannot use his peremptory strikes in a racially discriminatory fashion. Batson v. Kentucky, 476 U.S. 79 (1986). To refute an allegation that it has used a peremptory strike in a racially discriminatory fashion, the government must articulate clear and reasonably specific, legitimate reasons for exercising its peremptories in the manner it chose. Id. at 98, n. 20; United States v. Harrell, 847 F.2d 138, 139 (4th Cir.1988). A potential juror's lack of education and unemployed status may constitute sufficiently clear and legitimate reasons for a prosecutor to use a peremptory challenge to strike that juror. Id.
 
 
 4
 Here, the prosecutor stated that he used a peremptory challenge to strike the sole black in the jury pool because she had a prior negative experience with the criminal justice system, and because she was also both relatively uneducated and unemployed. The reasons offered by the government here are clear, reasonably specific, and legitimate. Therefore, we find that, because the government has satisfactorily explained why it used its peremptory challenge in this fashion, this claim lacks merit.
 
 
 5
 As required by Anders, we have independently reviewed the entire record and all pertinent documents. We have considered all arguable issues presented by this record and conclude there are no nonfrivolous grounds for this appeal. Accordingly, we affirm Welch's conviction.
 
 
 6
 In the case of an unsuccessful appellant represented by appointed counsel, this Court requires that an appointed attorney inform his client in writing of his right to petition the Supreme Court for a writ of certiorari. See Plan of the United States Court of Appeals for the Fourth Circuit in implementation of the Criminal Justice Act of 1964 (18 U.S.C. Sec. 3006A). If requested by his client to do so, counsel should prepare a timely petition for such a writ and take such steps as are necessary to protect the rights of his client.
 
 
 7
 Because the record discloses no reversible error, we dispense with oral argument and affirm the conviction.
 
 
 8
 AFFIRMED.