**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Travles Russell LANE,**
**Defendant–Appellant.**

**No. 88–5542.**

United States Court of Appeals,
Fourth Circuit.

Argued Oct. 7, 1988.

Decided Jan. 25, 1989.

Todd Clark Conormon, Asst. Federal Public Defender (William E. Martin, Federal Public Defender on brief), for defendant-appellant.

Dale Jeffrey Stone, Sp. Asst. U.S. Atty. (Office of the Staff Judge Advocate on brief), for plaintiff-appellee.

Before WIDENER, ERVIN and WILKINS, Circuit Judges.

WILKINS, Circuit Judge:

Travles Russell Lane, a black male, appeals his conviction of theft of personal property in violation of 18 U.S.C.A. § 661 (West 1976). He contends that he was denied equal protection because the prosecutor used peremptory challenges to strike one black prospective petit juror and one black prospective alternate juror in violation of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). We affirm.

## I.

In *Batson*, the Supreme Court ruled that a prosecutor's discriminatory use of peremptory challenges to exclude blacks from a petit jury violated a black defendant's equal protection rights.[1] This extended the rule previously enunciated in *Swain v. Alabama*, 380 U.S. 202, 85 S.Ct. 824, 13 L.Ed.2d 759 (1965), which required a defendant raising an equal protection claim regarding the jury selection process to demonstrate that the prosecution had systematically excluded a protected group from juries over a period of time. Since *Batson*, a defendant of a cognizable racial group may assert an equal protection claim solely on the exclusion of a prospective juror of his race from a single petit jury.

■ A defendant has the burden of establishing a prima facie case of discrimination by the prosecutor in the selection of the jury. *Batson*, 476 U.S. at 93–97, 106 S.Ct. at 1721–23. If the defendant makes a showing sufficient to infer discrimination, the burden shifts to the prosecutor to provide neutral explanations for his use of peremptory challenges. *Id.* at 97, 106 S.Ct. at 1723. The decision of whether to hold an evidentiary hearing rests within the discretion of the district judge subject to appellate review applying an abuse of discretion standard. *See United States v. Garrison*, 849 F.2d 103, 106 (4th Cir.1988).

The Court in *Batson* also set forth the method for assessing whether a defendant has presented a prima facie case of discrimination.[2] A defendant must illustrate "that he is a member of a cognizable racial group," *Batson*, 476 U.S. at 96, 106 S.Ct. at 1723, and that the prosecutor has challenged members of his race. *Id.* He is allowed "to rely on the fact ... that peremptory challenges constitute a jury selection practice that permits 'those to discriminate who are of a mind to discriminate.'" *Id.* (quoting *Avery v. Georgia*, 345 U.S. 559, 562, 73 S.Ct. 891, 892, 97 L.Ed. 1244 (1953)). Finally, a defendant must show, based on all "relevant circumstances," that an inference of discrimination has been raised that the prosecutor utilized peremptory challenges to exclude jurors based on their race. The Court provided guidance to trial courts in deciding whether a prima facie case has been established:

> For example, a 'pattern' of strikes against black jurors included in the particular venire might give rise to an inference of discrimination. Similarly, the prosecutor's questions and statements during voir dire examination and in exercising his challenges may support or refute an inference of discriminatory purpose. These examples are merely illustrative. We have confidence that trial judges, experienced in supervising voir dire, will be able to decide if the circumstances concerning the prosecutor's use of peremptory challenges creates a prima facie case of discrimination against black jurors.

*Batson*, 476 U.S. at 96–97, 106 S.Ct. at 1722–23.

---

1. Although *Batson* involved a state prosecution and application of the fourteenth amendment, the same limitations are imposed on federal prosecutors by the fifth amendment. *See United States v. Forbes*, 816 F.2d 1006, 1009 n. 6 (5th Cir.1987).

2. The Court borrowed from its previous cases involving the showing required for a prima facie case of discrimination in the selection of a jury venire. *See Castaneda v. Partida*, 430 U.S. 482, 494–95, 97 S.Ct. 1272, 1280–81, 51 L.Ed.2d 498 (1977); *Alexander v. Louisiana*, 405 U.S. 625, 631–32, 92 S.Ct. 1221, 1225–26, 31 L.Ed.2d 536 (1972).

## II.

In the selection of the jury which convicted Lane, the prosecutor used one of his three peremptory challenges to strike William Robinson, a black male. Defense counsel objected to the challenge at the time Robinson was struck, but the district court found no basis for the objection, implicitly concluding that no prima facie case had been established. The prosecutor was therefore not required to give his reason for excluding Robinson. The two remaining peremptory challenges were not exercised by the prosecutor and a jury which included two black jurors was subsequently impaneled.

During the selection of an alternate juror, the prosecutor used his one allotted peremptory challenge to strike Lauren Lucas, a black male. Defense counsel, after objecting to the prosecutor's peremptory strike, struck another prospective alternate juror and a third was seated. Although the district judge stated his belief that Lane had failed to make a prima facie showing since the prosecutor had used only one of his three strikes in selecting the jury, he nonetheless questioned the prosecutor on whether he had a neutral reason for the peremptory challenge to prospective alternate juror Lucas. The prosecutor explained that he was seeking a higher educational level for jurors than that of Lucas, who had not completed high school. The court determined that this explanation was satisfactory and refused to conduct an evidentiary hearing. At that time Lane made no request that the prosecutor be required to give his reason for his earlier challenge to Robinson.

Lane contends that the district court erred in failing to find that he established a prima facie case of discrimination based on the prosecutor's challenge to Robinson. Lane also asserts that the district court erred in determining that the prosecutor properly articulated a neutral reason for the challenge to Lucas. Finally, Lane argues that the district court abused its discretion in refusing to hold an evidentiary hearing.

## III.

District court findings regarding whether a prima facie showing has been made, like other findings on discrimination, are entitled to "great deference." *Batson*, 476 U.S. at 98 n. 21, 106 S.Ct. at 1724 n. 21. Such determinations will not be disturbed by this court unless clearly erroneous. *United States v. Tindle*, 860 F.2d 125, 129 (4th Cir.1988). Further, this court will not address the question of whether the defendant established a prima facie showing to satisfy *Batson* where the prosecutor articulated reasons for his strikes. *United States v. Woods*, 812 F.2d 1483, 1487 (4th Cir.1987).

In *Woods* this court declined to address the question of whether the defendant had established the requisite prima facie showing, and instead, proceeded to examine the reasons articulated by the prosecutor for striking the only black venireman whose exclusion the defendant claimed was based on improper racial considerations. This approach is reasonable since "appellate review should not become bogged down on the question of whether the defendant made a *prima facie* showing in cases where the district court has required an explanation." *Forbes*, 816 F.2d at 1010. Here, however, we must determine whether Lane met his prima facie burden since the prosecutor's reason for striking Robinson was never stated. Applying the principles enunciated in *Batson*, we hold that the district court did not clearly err in finding that Lane failed to raise a prima facie case of discrimination for the challenge to venireman Robinson.

As Lane correctly points out, striking only one black prospective juror for a discriminatory reason violates a black defendant's equal protection rights, even when other black jurors are seated and even when valid reasons are articulated for challenges to other black prospective jurors. *United States v. David*, 803 F.2d 1567, 1571 (11th Cir.1986). However, this does not mean that a prima facie case of discrimination arises every time a prosecutor strikes a black prospective juror. *United States v. Chalan*, 812 F.2d 1302, 1303 (10th

Cir.1987). The defendant must present sufficient evidence to make a prima facie showing and cannot merely rest on the fact that a prosecutor challenged a prospective juror of his same race. *United States v. Ratcliff,* 806 F.2d 1253, 1256 (5th Cir.1986), *cert. denied,* 481 U.S. 1004, 107 S.Ct. 1625, 95 L.Ed.2d 199 (1987).

Lane, in objecting to the challenge to Robinson, relied solely on the fact that the prosecutor struck a member of a cognizable racial group to which he belongs. Lane presented no additional evidence of the type suggested in *Batson* to infer discrimination in the use of the challenge. Clearly the challenge to Robinson, by itself, was insufficient to trigger an inference of discrimination and the district court was not required to request a reason for the challenge. *United States v. Ingram,* 839 F.2d 1327, 1330 (8th Cir.1988); *United States v. Lewis,* 837 F.2d 415, 417 (9th Cir.1988).

## IV.

■ When the prosecutor challenged prospective alternate juror Lucas, defense counsel once again objected and asserted that a pattern of discrimination had been established. Without finding that a prima facie case had been established, the district court asked the prosecutor to articulate a reason for the strike. The prosecutor stated that he was challenging Lucas because he had not completed high school and "we are looking for a jury that is all in all a little more educated." The district court found that the two strikes were insufficient to show a pattern of discrimination and that the prosecutor had satisfactorily explained the reason for the challenge to Lucas. He further noted that the prosecutor used only one of his three available peremptory challenges in the selection of the petit jury, and that two black jurors were impaneled. Lane argues that the district court erred in accepting this reason, contending that the facially neutral reason was merely pretextual as evidenced by the

fact that the prosecutor had earlier accepted a white female juror who, like Lucas, had not finished high school and had struck Robinson, who had 14 years of education.[3]

In the selection of a jury panel, prosecutors and defense counsel use their peremptory challenges depending on many valid factors. For example, although one may be searching for jurors who have a certain characteristic such as a college degree, a juror who did not complete college may nevertheless be accepted because he possesses other desirable characteristics. Numerous factors may influence the decision of a prosecutor and defense counsel, including current and past employment, general appearance and demeanor, previous jury service, and the absence or presence of apparent prejudice. The Court in *Batson* noted that while prosecutors may not challenge prospective jurors because of their race, they are "ordinarily ... entitled to exercise permitted peremptory challenges 'for any reason at all, as long as that reason is related to [their] view concerning the outcome' of the case to be tried." *Batson,* 476 U.S. at 89, 106 S.Ct. at 1719 (quoting *United States v. Robinson,* 421 F.Supp. 467, 473 (D.Conn.1976), *mandamus granted sub. nom. United States v. Newman,* 549 F.2d 240 (2d Cir.1977)).

The district court acceptance of the prosecutor's expressed reason for the challenge to Lucas as neutral was not clearly erroneous. Although Lane contends that the prosecutor's stated reason was pretextual, he made no showing regarding the educational levels of the two other prospective alternate jurors. Moreover, the district court reliance on the prosecutor's acceptance on the jury of two black jurors when he possessed sufficient peremptory challenges to strike them, although not conclusive, weighs heavily in support of the district court finding of no discrimination. *See United States v. Montgomery,* 819 F.2d 847, 851 (8th Cir.1987); *United States*

---

**3.** Lane's counsel mistakenly represented to the court during oral argument that the alternate juror was not called upon to serve as a member of the petit jury. If this had been the case Lane would not have been prejudiced by the peremptory challenge to Lucas, regardless of the stated reason. However, the record reveals that the alternate juror was indeed impaneled as a member of the petit jury just prior to the commencement of the trial.

*v. Dennis,* 804 F.2d 1208, 1211 (11th Cir. 1986), *cert. denied,* 481 U.S. 1037, 107 S.Ct. 1973, 95 L.Ed.2d 814 (1987).

Lane also urges this court to consider the prosecutor's stated reason for striking Lucas in its review of whether a prima facie case of discrimination has been raised as to Robinson. Since *Batson* instructs the court to consider all "relevant circumstances," we agree that a prosecutor's stated reason for one challenge may be used to show that a prima facie case of discrimination existed for a prior challenge. *Lewis,* 837 F.2d at 417. However, in light of all relevant circumstances including the reason given for challenging Lucas, Lane did not establish a prima facie case of discrimination as a result of the challenge to Robinson.

### V.

■ Since Lane made no showing that the prosecutor's questions or conduct during voir dire or the exercise of his challenges demonstrated a discriminatory tendency, the district court determination that the peremptory challenge to alternate juror Lucas failed to show a pattern of discrimination likewise was not clearly erroneous. The peremptory challenge to one black prospective petit juror and one black prospective alternate alone is insufficient to establish a pattern. By contrast, a pattern of discrimination may be established by a prosecutor's successive use of peremptory challenges to strike black veniremen. *Tindle,* 860 F.2d at 128; *United States v. Allen,* 666 F.Supp. 847, 853 (E.D.Va.1987), *aff'd sub nom. United States v. Harrell,* 847 F.2d 138, 139 (4th Cir.1988). In *Tindle,* the prosecutor used five of six challenges against black prospective jurors and no black juror served. Similarly, in *Allen,* although three black jurors served, a pattern was found where the prosecutor exercised five of six peremptory challenges against black veniremen. Although no mathematical formula can be devised to signal the establishment of a prima facie case, *United States v. Clemons,* 843 F.2d 741, 746 (3d Cir.1988), the fact that two black jurors were seated on Lane's jury and the fact that the prosecutor exercised only one of his three peremptory challenges tends to negate a motive to discriminate.

### VI.

We hold that the district court did not clearly err in finding that no prima facie case of discrimination had been raised in the challenge to venireman Robinson. The district court acceptance of the neutral reason articulated by the prosecutor for the challenge to prospective alternate juror Lucas likewise was not clearly erroneous. Finally, we hold that the district court did not abuse its discretion in refusing to conduct an evidentiary hearing.

AFFIRMED.