896 F.2d 548
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Brian Augustus PUGH, Defendant-Appellant.
 No. 88-5656.
 United States Court of Appeals, Fourth Circuit.
 Argued: July 28, 1989.
Decided: Jan. 29, 1990.
 
 Mary Lou Newberger, Assistant Federal Public Defender, for appellant.
 John P. Rowley, III, Assistant United States Attorney (Michael W. Carey, United States Attorney; J. Kirk Brandfass, Assistant United States Attorney, on brief), for appellee.
 Before DONALD RUSSELL, WIDENER and K.K. HALL, Circuit Judges.
 PER CURIAM:
 
 
 1
 The appellant, Brian Augustus Pugh, a black male, was arrested and indicted on three felony firearm offenses in violation of 18 U.S.C. Sec. 922(g)(1), 26 U.S.C. Secs. 5861(d) and (h). At the time of his arrest, the appellant was read his Miranda rights.[1] He expressed his understanding of these rights and his desire to waive them by signing a form provided by the arresting officers. Appellant was then questioned by two Charleston, West Virginia, police detectives as well as an officer from the Bureau of Alcohol, Tobacco and Firearms. During this interrogation, the appellant answered some questions, making inculpatory statements as to federal firearms violations, but remained silent when interrogated about suspected state offenses.
 
 
 2
 Prior to trial, in accordance with 18 U.S.C. Sec. 3501, the district court held a hearing to determine the voluntariness of statements made by the appellant. After consideration of the evidence presented, the district court found that the appellant's confession was voluntarily given. The case then proceeded to trial.
 
 
 3
 At the close of voir dire, the United States exercised one of its peremptory challenges to exclude William Johnson, the only black member of the venire. Objection to this exclusion was made by the appellant, alleging discriminatory purpose as defined by Batson v. Kentucky, 476 U.S. 79 (1986). The Government then explained that Johnson had admitted knowing a potential witness and for that reason it decided to strike him. After both sides were heard on the matter, the appellant's Batson challenge was overruled. The case then proceeded to trial. The appellant was convicted, sentenced and fined. This timely appeal followed. For the reasons set forth below, we affirm.
 
 I.
 
 4
 In Batson v. Kentucky, the Supreme Court ruled that a prosecutor's discriminatory use of peremptory challenges to exclude blacks from a petit jury violated a black defendant's equal protection rights. 476 U.S. at 98. See also United States v. Lane, 866 F.2d 103, 104 (4th Cir.1989). Although Batson involved application of the Fourteenth Amendment, its holding holds equal force in Fifth Amendment cases such as this. United States v. Forbes, 816 F.2d 1006, 1009 n. 6 (5th Cir.1987). A defendant has the burden of establishing a prima facie case of discrimination by the prosecutor in the selection of the jury. Batson, 476 U.S. at 93-97. In order to establish such a case, a defendant must show: (1) he is a member of a cognizable racial group; (2) that the prosecutor has challenged members of his race; and (3) that an inference has been raised that the prosecutor utilized peremptory challenges to exclude jurors based on their race. Id.; United States v. Lane, 866 F.2d at 104.
 
 
 5
 A finding by the district court as to whether or not a prima facie showing of discriminatory intent has been made is entitled to "great deference," Batson, 476 U.S. at 98 n. 21. Such a determination will not be disturbed on appeal unless clearly erroneous. United States v. Tindle, 860 F.2d 125, 129 (4th Cir.1988). Further, where a prosecutor has articulated a bona fide reason for his strike, this court will not address the question of whether the defendant established a prima facie showing to satisfy Batson. United States v. Woods, 812 F.2d 1483, 1487 (4th Cir.1987). Here the Government clearly articulated a bona fide reason for excluding the only black member of the venire: he knew a potential witness. The district court found such a reason to be substantial. We agree. Granting proper deference to the determination of the district court, we sustain its ruling here.
 
 II.
 
 6
 The appellant next contends that his confession with respect to the illegal possession of a sawed-off shotgun, a federal offense, was taken in violation of his constitutional right to remain silent, rendering his verdict of guilty infirm. The record before us makes it clear that the appellant was read his Miranda warning and understood his right to choose between speech and silence. Armed with such knowledge, the appellant decided to speak out, voluntarily, about facts relating to the crime with which he was charged.
 
 
 7
 We find no merit in appellant's contention that, although at first he did choose to speak, his later refusal to answer certain questions operated as a positive assertion of his Fifth Amendment right to remain silent and that all further questioning must be halted. We are satisfied that at no time during questioning did the appellant request an end to the interrogation; he refused to answer questions related to state offenses, not those relating to the federal offense with which he was charged. And, although he was questioned by several law enforcement officials, each separate colloquy was terminated by the interrogating officer, not by the appellant.
 
 
 8
 There is no evidence that, after his Miranda warning was read to him, the appellant chose to remain silent. His voluntary waiver of such a right indicates that he in fact understood he was armed with such a right but chose not to exercise it. Accordingly, the judgment of the district court that the confession here was voluntarily given is sustained.
 
 
 9
 AFFIRMED.---------------
 
 
 
 [1]
 Miranda v. Arizona, 384 U.S. 436 (1966)