66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
John L. BROOKS, Defendant-Appellant.
 No. 94-5480.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 Robert David Jacobs, HERSHNER & JACOBS, Richmond, VA, for Appellant.
 Stephen Wiley Miller, Assistant United States Attorney, Richmond, VA, for Appellee.
 Helen F. Fahey, United States Attorney, Richmond, VA, for Appellee.
 Before NIEMEYER, MICHAEL, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 John L. Brooks appeals from his convictions and sentences for armed robbery and firearm-related offenses. Finding no reversible error, we affirm.
 
 I.
 
 2
 On May 18, 1993, an eleven-count indictment was returned against Brooks in the Eastern District of Virginia. The indictment charged him with one count of conspiracy to commit armed bank robbery, five counts of armed bank robbery, and five counts of using a firearm in the commission of the charged robberies.
 
 
 3
 Brooks was tried by a jury on April 21, 1994. At trial there was evidence that during the summer of 1992 Brooks and others forcibly robbed five banks in 24 days. Brooks was convicted on all counts and sentenced to a term of imprisonment of 1090 months. This appeal followed.
 
 II.
 
 4
 Initially, Brooks assigns error to the district court's denial of two pre-trial motions. He contends that the court erred in denying his motion to dismiss, asserting that the eleven-month delay between the indictment and the crimes charged in the indictment violated his Fifth Amendment right to due process, and that the additional eleven-month delay between the indictment and trial violated his Sixth Amendment right to a speedy trial. As to the former, a pre-indictment delay of eleven months is not inherently prejudicial, and Brooks has failed to demonstrate any actual prejudice suffered as a result of the delay. See United States v. Automated Medical Laboratories, Inc., 770 F.2d 399, 403-05 (4th Cir.1985) (45-month delay not prejudicial). As to the delay between the indictment and trial, again a delay of eleven months is not inherently prejudicial, and no actual prejudice has been demonstrated. See United States v. MacDonald, 456 U.S. 1, 11 (1982) (4-year delay not prejudicial). Moreover, there is no evidence that the delay here was the result of bad faith on the part of the government, see Barker v. Wingo, 407 U.S. 514, 530-31 (1972), and Brooks failed to assert his right to a speedy trial until a week before trial, id. at 531-32. The district court therefore properly denied Brooks' motion to dismiss on these grounds.
 
 
 5
 Brooks also contends that the district court erred in denying his motion to suppress. He asserts that during questioning a law enforcement officer threatened to incarcerate Brooks' fiance and that his subsequent confession was a product of this coercion. However, at the suppression hearing the officer testified that he never threatened Brooks or coerced him in any way and that Brooks in fact freely volunteered the information. The district court was entitled to credit the officer's testimony, and this factual finding was not clearly erroneous. See United States v. Evans, 917 F.2d 800, 805 (4th Cir.1990).
 
 III.
 
 6
 Brooks next contends that the government exercised its peremptory challenges during jury selection in a racially discriminatory manner by striking three African-American jurors, thereby violating his right to equal protection. See Batson v. Kentucky, 476 U.S. 79 (1986). A defendant may establish a prima facie case under Batson by showing that "he is a member of a cognizable racial group and that the prosecutor has exercised peremptory challenges to remove from the venire members of the defendant's race." Id. at 96. A defendant must show facts sufficient to raise an inference of intent by the government to discriminate based on all of the relevant circumstances. Id. The burden then shifts to the government to come forward with a racially neutral explanation for the use of its strikes. To satisfy this requirement, the proffered reasons must bear some relationship to the case at bar. If the government offers explanations that are facially neutral, a defendant may nevertheless show purposeful discrimination by proving the explanations pretextual. Id.
 
 
 7
 Here, Brooks failed to establish a prima facie case of discrimination. Brooks failed to show any evidence of invidious purpose, such as questions or comments by the prosecutor, that might betray discriminatory intent. Nor did Brooks object to the government's jury selection as demonstrating a pattern of discrimination; instead, he merely objected immediately after the selection of each of three jurors. Two other African-American jurors were selected for the jury without challenge, and while that fact in itself does not automatically foreclose an equal protection claim, it is nonetheless entitled to "substantial consideration." United States v. Joe, 928 F.2d 99, 103 (4th Cir.), cert. denied, 502 U.S. 816 (1991). See also United States v. Gordon, 974 F.2d 97, 100 (8th Cir.1992) (no prima facie case established where three blacks remained on petit jury); United States v. Lane, 866 F.2d 103, 106 (4th Cir.1989) (same).
 
 
 8
 Even if there was a prima facie case of discrimination here, the government has successfully carried its burden of demonstrating racially neutral reasons, i.e. refusal to make eye contact and concern about general physical appearance, for its challenges. See United States v. Lorenzo, 995 F.2d 1448, 1454 (9th Cir.) (lack of attentiveness and physical appearance constitute neutral reasons), cert. denied, --- U.S. ----, 114 S.Ct. 227 (1993); United States v. Hendrieth, 922 F.2d 748, 749-50 (11th Cir.1991) (same regarding lack of attentiveness); Lane, 866 F.2d at 106 (numerous factors, including "general appearance and demeanor," may properly influence prosecutor's decision). As the Supreme Court observed in Batson, "a prosecutor ordinarily is entitled to exercise permitted peremptory challenges for any reason at all, as long as that reason is related to his view concerning the outcome of the case to be tried." 476 U.S. at 89. The district court's acceptance here of the government's reasons for striking the three African-American jurors was not "clearly erroneous." Lane, 866 F.2d at 106; see also United States v. Woods, 812 F.2d 1483, 1487 (4th Cir.1987) (trial court's determination largely turns on evaluation of credibility and thus is entitled to "great deference").
 
 IV.
 
 9
 Finally, Brooks contends that the district court erred in two respects at sentencing. First, he asserts that the court erred in not reducing his offense level at sentencing for acceptance of responsibility. In light of the fact that Brooks proceeded to trial and persistently contested the legitimacy of his confession, however, the court's refusal to reduce the relevant offense level was not error. See United States v. Castner, 50 F.3d 1267, 1279 (4th Cir.1995).
 
 
 10
 Second, Brooks asserts that the court erred in enhancing his sentence under 18 U.S.C. Sec. 924(c)(1) for multiple convictions charged in the same indictment. However, the Supreme Court rejected this argument in Deal v. United States, --- U.S. ----, ----, 113 S.Ct. 1993, 1996 (1993); see also United States v. Raynor, 939 F.2d 191, 193-94 (4th Cir.1991).
 
 
 11
 Accordingly, Brooks' convictions and sentences are
 
 
 12
 AFFIRMED.