66 F.3d 317
 NOTICE: Fourth Circuit Local Rule 36(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Bernard JORDAN, Defendant-Appellant.
 No. 94-5602.
 United States Court of Appeals, Fourth Circuit.
 Sept. 14, 1995.
 
 Anthony F. Anderson, Melissa W. Friedman, Roanoke, VA, for Appellant.
 Robert P. Crouch, Jr., United States Attorney, Joseph W.H. Mott, Assistant United States Attorney, Roanoke, VA, for Appellee.
 Before HALL, WILKINS, and MOTZ, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 David Bernard Jordan appeals his convictions for conspiracy to distribute cocaine base, 21 U.S.C. Sec. 846 (1988), possession of cocaine base with intent to distribute, 21 U.S.C. Sec. 841(a)(1) (1988), possession of a firearm in relation to a drug trafficking crime, 18 U.S.C.A. Sec. 924(c) (West Supp.1995), possession of a firearm as a convicted felon, 18 U.S.C.A. Sec. 922(g)(1) (West Supp.1995), and possession of a firearm while a fugitive from justice, 18 U.S.C.A. Sec. 922(g)(2) (West Supp.1995). Finding no error, we affirm.
 
 
 2
 Jordan was arrested attempting to deliver a supply of cocaine to his co-defendant, Matthew White at White's house. Police had arrested White and were inside the house pursuant to the arrest when Jordan arrived by car.[1] Jordan approached the house but turned around after looking in a front window. Police asked Jordan to stop but he fled and discarded a plastic bag containing cocaine base and powder. As he ran, Jordan kept his right hand under his coat. He eventually stopped, turned toward the police, and was brought to the ground by a detective. Police found a loaded .38 caliber handgun on the ground under Jordan's midsection.
 
 
 3
 At trial, defense counsel objected to the prosecution's use of a peremptory challenge as racially motivated. The prosecution struck Edwin Dennis, a twenty-eight-year-old unmarried African-American male with no children and the sole African-American venireman. When the trial court asked the Government to explain the strike, the prosecutor stated that Dennis was young, single, unmarried, and without children. He explained that the Government wanted jurors with substantial ties to the community.[2] In addition, the prosecutor noted that Dennis "acted disinterested, like he was bored," had "his eyes closed," and "looked tired." The court allowed the strike, finding that the reasons articulated by the Assistant United States Attorney were the true reasons for the strike.
 
 
 4
 Jordan raises two claims on appeal. First, he objects to the prosecution's strike of Edwin Dennis from the venire. Second, he claims that there was insufficient evidence to support his conviction for possession of a handgun in relation to a drug trafficking crime.[3] For the reasons discussed below, we find both grounds for appeal meritless.
 
 I.
 
 5
 To sustain a challenge of racial discrimination in jury selection, a defendant must satisfy the standards set forth in Batson v. Kentucky, 476 U.S. 79 (1986). First, he must show facts giving rise to a prima facie case of discrimination. Id. at 96. If he succeeds, the government must articulate a race-neutral justification for the challenged strike. United States v. Grandison, 885 F.2d 143, 146 (4th Cir.1989), cert. denied, 495 U.S. 934 (1990). At this stage, the reason need not be rational or plausible, merely nondiscriminatory. Purkett v. Elem, No. 94-802, 1995 U.S. Lexis 3181, at * 4 (U.S. May 15, 1995) (per curiam). At the final stage, the burden shifts back to the defendant to prove that the strike was racially motivated and that the reason offered was pretextual. Id. We review the district court's Batson findings with deference and reverse only for clear error. United States v. Bynum, 3 F.3d 769, 772 (4th Cir.1993), cert. denied, 62 U.S.L.W. 3552 (U.S.1994).
 
 
 6
 Because the trial court required the prosecution to justify the strike, we need not review Jordan's prima facie case. United States v. Lane, 866 F.2d 103, 105 (4th Cir.1989). Turning to the reasons articulated by the Government for the strike, we find that they are race-neutral and carry no explicit or implicit racial connotations.[4] Similarly, we conclude that the trial court did not clearly err in accepting the prosecution's reasons as the true reasons for the peremptory strike. Prior to striking Dennis, the prosecution struck two twenty-two-year-old single white females, leaving no single persons under thirty years of age on the jury.[5] The prosecution was entitled to surmise that jurors who were older, married, and had children would care more about the presence of drug activity in their community. United States v. Valley, 928 F.2d 130, 135-36 (5th Cir.1991). Moreover, "[a] prosecutor is justified in striking jurors that he or she perceives to be inattentive or uninterested." United States v. Garrison, 849 F.2d 103, 106 (4th Cir.), cert. denied, 488 U.S. 996 (1988).
 
 II.
 
 7
 Jordan's claim that the district court erred in denying his motion for judgment of acquittal is meritless. The standard for ruling on such a motion is whether substantial evidence exists which viewed in the light most favorable to the government would permit a reasonable jury to find the defendant guilty beyond a reasonable doubt. Fed.R.Crim.P. 29(a); United States v. MacCloskey, 682 F.2d 468, 473 (4th Cir.1982). A violation of Sec. 924(c) consists of (1) the use or carrying of a firearm; (2) during and in relation to a drug trafficking crime. United States v. Willis, 992 F.2d 489, 490 (4th Cir.), cert. denied, 62 U.S.L.W. 3248 (U.S.1993). To sustain a Sec. 924(c) conviction, "it is enough if the firearm is present for protection and to facilitate the likelihood of success, whether or not it is actually used." United States v. Smith, 914 F.2d 565, 567 (4th Cir.1990), cert. denied, 498 U.S. 1101 (1991).
 
 
 8
 Police testimony established that Jordan carried a .38 caliber handgun when he went to his co-conspirator's house to deliver a supply of cocaine. Possession with the intent to distribute cocaine base is a drug trafficking crime. 18 U.S.C.A. Sec. 924(c)(2) (West Supp.1995); United States v. Fisher, 912 F.2d 728, 731 (4th Cir.1990), cert. denied, 500 U.S. 919 (1991). We find the evidence more than sufficient to prove Jordan's guilt beyond a reasonable doubt.
 
 
 9
 We affirm Jordan's conviction. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.
 
 AFFIRMED
 
 
 [1]
 White testified at trial that Jordan had supplied him with cocaine base to sell since September 1993
 
 
 [2]
 The transcript reads, "[T]he government looks at the type of community and finds those types, things like married with kids and that sort of thing." On appeal, Appellee explains that the prosecutor actually said "ties to the community." We do not find this language determinative and, therefore, accept the Government's clarification
 
 
 [3]
 Jordan moved for a judgment of acquittal on this count at the conclusion of the Government's case-in-chief and after the jury returned its verdict
 
 
 [4]
 Jordan claims for the first time on appeal that the prosecution's explanation was invalid under step two of Batson because it amounted to "gender discrimination on its face." (Brief for Appellant at 10) (citing J.E.B., Petitioner v. Alabama ex rel. T.B., 62 U.S.L.W. 4219, 4220 (U.S.1994)). We disagree. The prosecutor stated that he struck Dennis because he was young, single, and childless, not because he was male. The prosecutors two prior challenges of young, single females also contradicts Jordan's position. We find nothing facially or inherently discriminatory in the Government's articulated reasons for its strike. Therefore, district court did not err in finding these reasons sufficient to satisfy the prosecution's burden at stage two of the Batson analysis. See Purkett, 1995 U.S. Lexis 3181, at * 4
 
 
 [5]
 Jordan notes that the Government did not strike a thirty-five-year-old single white male, Leon Crush. In addition to being seven years older than Dennis, Crush had prior jury experience. We find that Crush's presence on the jury is insufficient evidence of pretext or discrimination to warrant overturning the finding of the trial court