UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4096

TONY LAMONT JONES, a/k/a Tony,
a/k/a Tony Rome, a/k/a Uncle Moe,
Defendant-Appellant.

Appeal from the United States District Court
for the Eastern District of Virginia, at Norfolk.
Raymond A. Jackson, District Judge.
(CR-97-102)

Submitted: September 29, 1998

Decided: November 16, 1998

Before WILKINS and NIEMEYER, Circuit Judges, and
HALL, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James O. Broccoletti, ZOBY & BROCCOLETTI, Norfolk, Virginia,
for Appellant. Helen F. Fahey, United States Attorney, Arenda L.
Wright Allen, Assistant United States Attorney, Norfolk, Virginia, for
Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Tony Lamont Jones appeals from his conviction and sentence for conspiracy to distribute cocaine base and cocaine, in violation of 21 U.S.C. § 846 (1994), and distribution and possession with intent to distribute cocaine base, in violation of 21 U.S.C.A.§ 841(a)(1), (b) (West 1981 & Supp. 1998). We affirm.

The Government's evidence at trial established that Jones was part of a conspiracy to distribute various drugs, including crack cocaine, throughout the Hampton Roads area of Virginia. Jones himself supplied crack cocaine to numerous individuals who would then re-sell the crack cocaine. On appeal, Jones raises several arguments.

Jones first contends that the Government violated the principles of Brady v. Maryland, 373 U.S. 83 (1963), when it failed to disclose the criminal records of Government witnesses until three calendar days before trial. The Government fully complied with the district court's pretrial discovery order, requiring that impeachment materials under Giglio v. United States, 405 U.S. 150 (1972), be turned over by the close of business three calendar days before trial. Although the criminal records of the Government witnesses were impeachment material, because the Government provided the defense with copies of the records in accordance with the discovery order, Jones cannot show a violation of Brady. See Kyles v. Whitley , 514 U.S. 419, 433 (1995); United States v. Bagley, 473 U.S. 667, 676 (1985); United States v. Ellis, 121 F.3d 908, 914 (4th Cir. 1997), cert. denied, ___ U.S. ___, 66 U.S.L.W. 3457 (U.S. Jan. 12, 1998) (No. 97-7095).

Jones next contends that the Government improperly struck a black juror during voir dire because of her race, in violation of Batson v. Kentucky, 476 U.S. 79 (1986). In response to Jones' challenge, the Government stated that the juror was removed because she was a city

2

social worker, and it believed she would be more liberal than objective. The district court accepted the Government's proffered race-neutral reason for the strike. Even if Jones made out a prima facie showing of a discriminatory strike, he failed to show that the Government's race-neutral reason for the strike was pretextual, and thus the district court did not clearly err in its determination of Jones' Batson challenge. See Hernandez v. New York, 500 U.S. 352, 358-59 (1991); Batson, 476 U.S. at 97-98; United States v. Lane, 866 F.2d 103, 105-06 (4th Cir. 1989).

Jones next contends that the district court erroneously refused to allow him to question a witness regarding the witness's prior felony record and pending state charges. A review of the record shows that, contrary to Jones' assertion, the district court allowed Jones to question the witness extensively about his prior felonies and pending state charges. The district court did not abuse its discretion by improperly limiting cross-examination. See United States v. Lancaster, 96 F.3d 734, 744-45 (4th Cir. 1996), cert. denied, ___ U.S. ___, 65 U.S.L.W. 3569 (U.S. Feb. 18, 1997) (No. 96-6450); United States v. McMillon, 14 F.3d 948, 955-56 (4th Cir. 1994).

Jones next contends that the district court erred in applying a two-level enhancement for his possession of a firearm under U.S. Sentencing Guidelines Manual § 2D1.1(b)(1) (1997), and in applying a four-level enhancement for role in the offense under USSG§ 3B1.1(a) (1997). However, the evidence was more than sufficient to support both enhancements. Witness testimony established that on one occasion Jones brandished a gun while looking for another dealer, and on another occasion Jones threatened another drug dealer with a gun over a drug-related debt. Further, ample evidence supported a finding that Jones' co-conspirators also possessed firearms during the course of the conspiracy, and their possession was foreseeable to Jones. See United States v. Kimberlin, 18 F.3d 1156, 1159-60 (4th Cir. 1994). Likewise, voluminous testimony showed that Jones was a main supplier for numerous individuals, supplying them with crack cocaine that they would then re-sell for him. Accordingly, the district court's application of the enhancements was not clearly erroneous. See USSG §§ 2D1.1(b)(1), 3B1.1(a); United States v. Withers, 100 F.3d 1142, 1147 (4th Cir. 1996), cert. denied, #6D6D 6D# U.S. ___, 65 U.S.L.W. 3631 (U.S. Mar. 17, 1997) (No. 96-7884).

3

Finally, Jones' assertion that the district court lacked subject matter jurisdiction over his case because the statutes under which Jones was convicted, 21 U.S.C.A. §§ 841(a)(1), 846, exceed Congress' power under the Commerce Clause, is without merit. <u>See</u> 21 U.S.C. § 801 (1994); <u>United States v. Leshuk</u>, 65 F.3d 1105, 1111-12 (4th Cir. 1995).

We affirm Appellant's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately set forth in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4