UNPUBLISHED

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

PAUL MONROE COVINGTON, JR., a/k/a
Speedie,
Defendant-Appellant.

No. 99-4310

Appeal from the United States District Court
for the Western District of North Carolina, at Charlotte.
Samuel G. Wilson, Chief District Judge.
(CR-98-50)

Submitted: January 11, 2000

Decided: February 4, 2000

Before MURNAGHAN and MOTZ, Circuit Judges,
and HAMILTON, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

Aaron E. Michel, Charlotte, North Carolina, for Appellant. Mark T.
Calloway, United States Attorney, D. Scott Broyles, Assistant United
States Attorney, Charlotte, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Appellant Paul Monroe Covington, Jr. was convicted of participating in a drug-trafficking conspiracy. In this appeal, he raises six challenges to his conviction and two against his sentence. We affirm.

This prosecution arose from a drug conspiracy in southern North Carolina. The major importer of powder cocaine in the region was Ronald Tyrone Sowell. He supplied cocaine to several people, but one of his largest customers was Larry Donnell Lindsey, the leader of the conspiracy in this case. Lindsey and the subordinates within his organization then cooked the powder into crack, which they cut up and sold to distributors within the conspiracy.

In the early 1990's, Covington bought drugs from Sowell and sold them to Lindsey. Later, these roles were reversed, with Lindsey buying directly from Sowell and Covington purchasing from Lindsey. Covington, in turn, had dealers resell some of the drugs he obtained from Lindsey.

Based on these activities, a grand jury indicted Covington and eighteen other members of the Lindsey organization. The sole count naming Covington as a defendant charged him with conspiracy to distribute and possess with intent to distribute cocaine and cocaine base. After all his co-defendants pled guilty, Covington was convicted of this charge and sentenced to life imprisonment. This appeal followed.

Covington raises eight claims concerning the judgment against him. None of these claims has merit.

First, Covington asserts that the district court violated the Speedy Trial Act, 18 U.S.C. § 3161 (1994), by granting three continuances to accommodate his co-defendants. Covington does not assert that these

2

postponements were inherently unreasonable, but only that they improperly impinged on his rights. He never moved for severance, however. Accordingly, the time involved in these postponements is not included in speedy trial calculations under§ 3161(h)(7). See United States v. Tedder, 801 F.2d 1437, 1450 (4th Cir. 1986); see also United States v. Franklin, 148 F.3d 451, 456-58 (5th Cir. 1998) (noting split in the circuits over whether defendant's failure to move for severance defeats or merely weighs against speedy trial motion, adopting the latter view, and concluding defendant's speedy trial motion was meritless).

When these continuances are excluded, the remaining delay was twenty-five days, well within the seventy-day limit prescribed by the Speedy Trial Act. See 18 U.S.C. § 3161(c)(1). Covington therefore is not entitled to reversal on speedy trial grounds.

In his second assignment of error, Covington alleges that the prosecutor used peremptory challenges to remove African-Americans from the jury, in violation of the Equal Protection Clause as interpreted in Batson v. Kentucky, 476 U.S. 79 (1986). The reasons offered by the prosecutor in response to this allegation when it was raised at trial were race-neutral and therefore satisfied the Government's burden of production. See Purkett v. Elem, 514 U.S. 765, 768 (1995) (per curiam); United States v. Martinez, 168 F.3d 1043, 1047 (8th Cir. 1999). Furthermore, we find no abuse of discretion in the procedures followed by the district court during its Batson inquiry. See United States v. Lane, 866 F.2d 103, 104 (4th Cir. 1989).

Covington next contends that he is entitled to a new trial because, as the result of a mistake when the jury was empaneled, a juror who had been accepted by both parties was not seated; instead, a juror who had been struck by the defense sat with the jury until this mistake was discovered, at which point he was replaced by an alternate. This claim provides no basis for appellate relief, both because the trial court properly exercised its discretion by the manner in which it resolved the error and because Covington was not prejudiced. See United States v. Nelson, 102 F.3d 1344, 1349 (4th Cir. 1996).

Covington next assails the prosecutor for two remarks he made during his opening statement. We hold that the first of these remarks,

3

in which the prosecutor used an analogy to explain how the facts of this case fit into the conspiracy charge, was not improper. See United States v. De Peri, 778 F.2d 963, 979 (3d Cir. 1985). Even if the second challenged remark--relating to witness credibility--was improper, we find no prejudice. See United States v. Brockington, 849 F.2d 872, 875 (4th Cir. 1988) (holding that improper remark by prosecutor requires reversal only if it deprived defendant of fair trial); United States v. Shaw, 829 F.2d 714, 717 18 (9th Cir. 1987) (holding that prosecutor's vouching for witness's credibility was not reversible error).

Covington next asserts that the Government's evidence was insufficient to link him to the Lindsey conspiracy. We disagree. The evidence established that Covington collaborated extensively with the Lindseys. Ronald Tyrone Sowell, Lindsey's major supplier, testified that he sold drugs directly to Covington from 1991 to 1993. After that, according to Lindsey, Covington bought drugs from Lindsey, who sold crack cocaine in large quantities (3.5 grams) with the intent that it be resold in smaller doses. Lindsey's wife, who was Covington's cousin, reported that Covington sometimes paid for his cocaine but that it was sometimes fronted to him. It was therefore evident that, after 1993, Covington was part of the Lindsey organization's distribution chain. This demonstrates a stronger connection than is required to prove a conspiracy. See United States v. Morsley, 64 F.3d 907, 919-20 (4th Cir. 1995).

In his last challenge to his conviction, Covington contends that the prosecutor committed misconduct during closing argument by making a relatively brief initial summation and then giving a longer and more detailed rebuttal argument. As noted by Covington, Rule 29 of the Federal Rules of Criminal Procedure limits the Government's rebuttal arguments to the issues raised by the defense's argument. We conclude that the district court did not abuse its discretion in ruling that the prosecutor had not strayed beyond this limitation. See United States v. Sarmiento, 744 F.2d 755, 766 (11th Cir. 1984).

Finally, Covington raises two claims of error relating to his sentence. First, he challenges the imposition of two sentencing enhancements, on the basis that the predicate facts were found by the judge and the standard of proof was only a preponderance of the evidence.

4

Covington contends that the Fifth and Sixth Amendments require a jury hearing with proof beyond a reasonable doubt. As the Supreme Court has made clear, however, the Constitution does not require a jury hearing on sentencing factors that enhance a defendant's minimum penalty without raising the statutory maximum. See Jones v. United States, 526 U.S. 227, ___, 119 S. Ct. 1215, 1224 n.6 (1999). Moreover, the enhancements were supported by a preponderance of the evidence.

In his second sentencing challenge, Covington asserts that the district court should have departed downward from the sentencing guidelines because Covington has already served a state prison sentence arising from his participation in the Lindsey gang. To the extent that Covington is invoking double jeopardy principles, this argument is misguided, because the Double Jeopardy Clause does not apply to serial prosecutions by different sovereigns. See Abbate v. United States, 359 U.S. 187, 196 (1959). To the extent that Covington is challenging the district court's exercise of discretion in refusing to depart downward, this claim is not reviewable. See United States v. Ivester, 75 F.3d 182, 183 (4th Cir. 1996).

For the foregoing reasons, we affirm Covington's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

5