# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2323

_____

Lemuel Carter, Jr.,                                    *
                                                       *
                    Appellee,                          *
                                                       *    Appeal from the United States
         v.                                            *    District Court for the Eastern
                                                       *    District of Missouri.
Michael Kemna; Jeremiah (Jay) W.                       *
Nixon, Missouri Attorney General,                      *
                                                       *
                    Appellants.                        *

_____

Submitted:  March 15, 2001

Filed:  June 18, 2001 (corrected 7/3/01)

_____

Before RICHARD S. ARNOLD, FAGG, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

FAGG, Circuit Judge.

    The State of Missouri charged Lemuel Carter, Jr. with second-degree murder, robbery, assault, and armed criminal action. During jury selection at Carter's trial, the prosecution used a peremptory challenge to exclude an African-American, Mr. Hurst, from the pool of potential alternate jurors. Carter objected asserting the exclusion was based solely on Hurst's race in violation of Batson v. Kentucky, 476 U.S. 79 (1986). At a Batson hearing, the prosecution stated Hurst was challenged because he did not

respond consistently to written and oral voir dire questions about being the victim of a crime. Defense counsel asserted the prosecutor's explanation was a pretext for intentional discrimination because a similarly situated white potential juror, Mr. Weis, was not removed. The court overruled Carter's objection. The originally empaneled jury convicted Carter. No alternate jurors joined deliberations.

Carter renewed his Batson challenge on direct appeal. The Missouri Court of Appeals affirmed Carter's conviction, concluding that although Hurst and Weis were similarly situated, the reason for excluding Hurst was immaterial. State v. Carter, 889 S.W.2d 106, 109 (Mo. Ct. App. 1994). The court reasoned that because Hurst was rejected as an alternate juror, and no alternates deliberated on Carter's case, Hurst's exclusion did not violate the Constitution. Id. Carter then filed a federal habeas petition under 28 U.S.C. § 2254. The district court granted Carter habeas relief on his Batson claim. The State appeals, and we reverse.

The Antiterrorism and Effective Death Penalty Act (AEDPA) limits the power of a federal habeas court to grant a state prisoner's habeas petition on grounds decided on the merits in state court. Williams v. Taylor, 529 U.S. 362, 412 (2000). A federal court may not grant habeas relief to a state prisoner unless the state court's rejection of the prisoner's claim was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1); see Williams, 529 U.S. at 412-13. Here, the district court concluded the state court's decision was not contrary to Batson, but was an unreasonable application of Batson to the facts of Carter's case. We review the district court's conclusion de novo. Simmons v. Bowersox, 235 F.3d 1124, 1130 (8th Cir. 2001).

A state court's decision is contrary to clearly established Supreme Court precedent when it is opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13. Batson holds the Equal Protection Clause prevents a party from using peremptory challenges to exclude potential jurors solely because of their race. Batson, 476 U.S. at 89. When the prosecution violates Batson, the defendant's conviction must be reversed. Id. at 100. The facts of Carter's case are materially distinguishable from those in Batson, however, because Batson did not involve removal of potential alternate jurors where none ultimately deliberated. The Supreme Court has not said whether or not Batson requires automatic reversal when a prosecutor wrongly excludes an alternate juror, but no alternate joins deliberations. The Supreme Court has held certain categories of constitutional errors are structural defects that obviously affect the entire conduct of the trial from beginning to end, and thus are not subject to harmless error analysis. Arizona v. Fulminante, 499 U.S. 279, 309-10 (1991). These include the unlawful exclusion of members of the defendant's race from a grand jury. Vasquez v. Hillery, 474 U.S. 254 (1986). Nevertheless, the Supreme Court's decisions do not dictate a result in Carter's case. The state court's refusal to reverse Carter's conviction based on his Batson claim is not opposite to the Supreme Court's conclusion on a question of law or different than the Supreme Court's conclusion on a set of materially indistinguishable facts. Thus, we agree with the district court that the state court's decision is not contrary to clearly established Supreme Court precedent.

We thus turn to whether the state court's decision was an unreasonable application of Supreme Court precedent. A state court decision involves an unreasonable application of Supreme Court precedent when the state court unreasonably refuses to extend a legal principle to a new context where it should apply. Williams, 529 U.S. at 407. Federal habeas relief is warranted only when the refusal was "objectively unreasonable," not when it was merely erroneous or incorrect. Id. at 410-11.

-3-

Missouri argues the state court's refusal to grant Carter relief based on <u>Batson</u> was reasonable. We agree. In the absence of controlling Supreme Court precedent, lower courts disagree about whether <u>Batson</u> requires reversal of a conviction when an alternate juror is improperly excluded, but no alternate joins the deliberating jury. <u>Compare</u> <u>United States v. Harris</u>, 192 F.3d 580, 588 (6th Cir. 1999) (holding <u>Batson</u> error involving alternate juror is not subject to harmless error review), <u>with</u> <u>United States v. Canoy</u>, 38 F.3d 893, 899 n.6 (7th Cir. 1994) (noting some authority for holding <u>Batson</u> error regarding alternate juror harmless when no alternate juror deliberates); <u>United States v. Lane</u>, 866 F.2d 103, 106 n.3 (4th Cir. 1989) (noting defendant would not be prejudiced if no alternate juror deliberated); <u>Nevius v. Sumner</u>, 852 F.2d 463, 468 (9th Cir. 1988) (holding <u>Batson</u> error harmless when no alternate jurors deliberated). <u>See also</u> <u>Ford v. Norris</u>, 67 F.3d 162, 170-71 (8th Cir. 1995) (constitutional error involving racial discrimination in jury selection is a structural defect that is not subject to harmless error analysis).

We need not, and do not, decide which view is correct. <u>Penry v. Johnson</u>, No. 00-6677, 2001 WL 589086, at *8 (U.S. 2001). If presented with the question on direct appeal, we might disagree with the state court's decision and hold a conviction should be reversed because of a <u>Batson</u> violation in removing a potential alternate juror, even though no alternate deliberates on the verdict. No bright-line rules are necessary today, however. "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." <u>Williams</u>, 529 U.S. at 411. For the writ to issue, "that application must also be unreasonable." <u>Id.</u> Although possibly incorrect, it is reasonable to perceive an analytic distinction between racial discrimination in selecting the petit jury, the body that decides a criminal defendant's guilt or innocence, and racial discrimination in selecting alternate jurors, who decide nothing unless one of the petit jurors is dismissed. <u>Cf.</u> <u>Ford</u>, 67 F.3d at 171 (finding no analytic distinction between racial discrimination in composing grand jury and selecting petit jury). If an alternate is called to deliberate on the verdict, we do not

doubt <u>Batson</u> and <u>Ford</u> would require reversal because the discrimination in selecting the alternate jurors would affect the petit jury's composition. But if no alternate deliberates on the verdict, a court could reasonably believe the improper exclusion of an alternate juror is not a structural error because it is clear the error never affected the makeup of the petit jury that decided to convict the defendant. <u>See</u> <u>Canoy</u>, 38 F.3d at 899; <u>Lane</u>, 866 F.2d at 106; <u>Nevius</u>, 852 F.2d at 468.

Because we conclude the state court's refusal to reverse Carter's conviction based on <u>Batson</u> was objectively reasonable, we reverse the district court's grant of habeas relief to Carter. <u>See</u> <u>Williams</u>, 529 U.S. at 407-08; <u>Penry</u>, 2001 WL 589086, at *8.

RICHARD S. ARNOLD, Circuit Judge, dissenting.

I would affirm. We have to assume for present purposes (and the Court does assume) that Mr. Hurst was kept off the jury because he was black. Alternates are an important part of the trial process, and, at the time the unconstitutional strike was exercised, no one could know for sure that Mr. Hurst would not turn out to be a deliberating juror. The whole process was tainted by racial discrimination as and from that time.

I believe that this is a structural error, and that interpreting <u>Batson</u> to allow a state to ignore it is unreasonable. <u>Batson</u> seeks not only to protect the rights of litigants, but also to vindicate the interests of potential jurors. It is true that the appellee cannot show that the unconstitutional discrimination had any effect on the outcome of his case. But more is at stake here than the rights of just one person. For one thing, Mr. Hurst has been deprived of an important public office because of his race. And, for another, the integrity of the judicial system itself has been compromised. The public deserves better than that, even if the appellee does not.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.