**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────

**No. 09-4398**

─────────

UNITED STATES OF AMERICA,

                   Plaintiff - Appellee,

        v.

FREDERICK J. SMITH,

                   Defendant - Appellant.

─────────

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Richard L. Williams, Senior District Judge.  (3:08-cr-00032-RLW-1)

─────────

Submitted:  December 1, 2009         Decided:  December 18, 2009

─────────

Before MICHAEL, MOTZ, and GREGORY, Circuit Judges.

─────────

Affirmed by unpublished per curiam opinion.

─────────

Gregory B. English, ENGLISH & SMITH, Alexandria, Virginia, for Appellant. Dana J. Boente, United States Attorney, Michael A. Jagels, Special Assistant United States Attorney, Richmond, Virginia, for Appellee.

─────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Frederick J. Smith appeals from his jury convictions for possession with intent to distribute marijuana and possession of a firearm in furtherance of a drug trafficking crime.  On appeal, he challenges the sufficiency of the evidence supporting his convictions and the denial of his challenge pursuant to Batson v. Kentucky, 476 U.S. 79 (1986).  We affirm.

"A defendant challenging the sufficiency of the evidence faces a heavy burden."  United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007), cert. denied, 128 S. Ct. 1690 (2008).  We review a sufficiency of the evidence challenge by determining whether, viewing the evidence in the light most favorable to the Government, any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt.  United States v. Collins, 412 F.3d 515, 519 (4th Cir. 2005).  We will uphold the jury's verdict if substantial evidence supports it and will reverse only in those rare cases of clear failure by the prosecution.  Foster, 507 F.3d at 244-45.  We do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government.  Id. at 245.

To convict a defendant of possession with the intent to distribute, the Government must prove knowing possession of a controlled substance with the intent to distribute.  Collins,

2

412 F.3d at 519. To establish a 18 U.S.C. § 924(c)(1) (2006) violation, the Government must present evidence "indicating that the possession of [the] firearm furthered, advanced, or helped forward a drug trafficking crime." United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002).

Smith first contends that he did not possess either the marijuana or the firearm. Possession may be actual or constructive. United States v. Rusher, 966 F.2d 868, 878 (4th Cir. 1992) (possession of a controlled substance). When the Government seeks to establish constructive possession, it must prove that the defendant intentionally exercised dominion and control or had the power and the intention to exercise dominion and control over the item in question. United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005). Possession may be established by circumstantial evidence. United States v. Schocket, 753 F.2d 336, 340 (4th Cir. 1985).

Here, viewing the evidence in the light most favorable to the Government, the marijuana and firearm were in plain view in a car in which Smith was the only occupant. Smith was also found with marijuana and a substantial amount of cash on his person, despite being unemployed. Finally, Smith fled from the police, leading them on a dangerous high-speed chase. The combined evidence was easily sufficient for the jury to reach

3

the conclusion that Smith was in possession of both the marijuana and the firearm.

Next, Smith argues that there was insufficient evidence to prove that the gun was used in furtherance of a drug trafficking crime. Whether a firearm served such a purpose is a question of fact. Lomax, 293 F.3d at 705. A series of factors that might lead a reasonable finder of fact to conclude the existence of a connection between a defendant's possession of a firearm and his drug trafficking crime include, but are not limited to: "the type of drug activity that is being conducted, accessibility of the firearm, the type of weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to drugs or drug profits, and the time and circumstances under which the gun is found." Id.

Here, Smith was found with cash proceeds and a significant amount of marijuana, some of which was packaged for individual sale; the semi-automatic firearm was loaded, within reaching distance, and sitting on top of a large bag of marijuana; and an expert witness testified that the firearm was likely used in furtherance of drug trafficking. Given the Lomax factors, the evidence was sufficient to support the firearm conviction. See id. at 706 (noting that court may arrive at common sense conclusion that when someone is found with both

4

drugs and a firearm, the gun is present to further drug trafficking).

Turning to Smith's Batson challenge, Smith contends that the Government improperly exercised two peremptory strikes against black jurors when the reasons given applied with equal or greater force to unchallenged white jurors. Specifically, the first juror at issue was dismissed due to illness--she was allegedly coughing, sweating, and sniffling. The second juror was dismissed on the basis of his unemployed status. In district court, Smith did not point to any white jurors who were sick or unemployed and were not stricken. Even on appeal, Smith notes that "the record is silent on these points," but contends that "other members of the panel may well have had a cold or been unemployed." (Appellant's Br. at 20).

The Equal Protection Clause forbids the use of a peremptory challenge for a racially discriminatory purpose. See Batson v. Kentucky, 476 U.S. 79, 86 (1986). We afford great deference to a district court's determination of whether a peremptory challenge was exercised for a racially discriminatory reason and review the district court's rulings on that point for clear error. Jones v. Plaster, 57 F.3d 417, 421 (4th Cir. 1995).

Generally, a Batson challenge consists of three steps: (1) the defendant makes a prima facie case of racial

5

discrimination; (2) the Government offers a race-neutral explanation for its strikes; and (3) the trial court decides whether the defendant has carried its burden and proved purposeful discrimination. Purkett v. Elem, 514 U.S. 765, 767 (1995). The second step of the Batson inquiry does not require that the Government's proffered rationale for the strike be persuasive or even plausible. Purkett, 514 U.S. at 768. All that is required is that the reason be race-neutral. Id. at 768-69.

At the third step, the "defendant may rely on all relevant circumstances to raise an inference of purposeful discrimination." Miller-El v. Dretke, 545 U.S. 231, 240 (2005) (internal quotation marks omitted). While the defendant need not "point to an identical juror of another race who was not peremptorily challenged," direct comparisons between similarly situated venire-persons of different races are probative. Golphin v. Branker, 519 F.3d 168, 179 (4th Cir.), cert. denied, 129 S. Ct. 467 (2008). The ultimate burden to demonstrate purposeful discrimination remains always with the opponent of the strike. See Batson, 476 U.S. at 96-98; United States v. McMillon, 14 F.3d 948, 953 & n.4 (4th Cir. 1994) (defendant must show that the Government's stated reason was pretextual and that race was "real reason" for strike).

Here, the Government's proffered reasons for striking the prospective jurors--illness and unemployment--were clearly race-neutral and are permissible bases upon which to strike. See Smulls v. Roper, 535 F.3d 853, 866 (8th Cir. 2008) (occupation is a legitimate race-neutral reason to strike), cert. denied, 129 S. Ct. 1905 (2009); United States v. Lane, 866 F.2d 103, 106 (4th Cir. 1989) (numerous factors, including potential juror's "general appearance and demeanor" may properly influence prosecutor's decision to strike). Because the Government provided race-neutral explanations for its strikes, the burden shifted to Smith to prove that the explanations given were pretext for discrimination and that race was the real reason for the strikes. McMillon, 14 F.3d at 953. This Smith failed to do. He relies only on conjecture that the panel "may" have included others similarly situated. Such suppositions, without any support whatsoever, are insufficient to show clear error on the part of the district court.

Based on the foregoing, we affirm Smith's convictions. We deny Smith's motion to file a pro se supplemental brief. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

7