# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-1712

_____

Gary Moore,                              *
                                         *
                   Appellee,             *   Appeal from the United States
                                         *   District Court for the Eastern
        v.                               *   District of Missouri.
                                         *
James Purkett,                           *
                                         *
                   Appellant.            *

_____

Submitted: November 14, 2001

Filed: December 26, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

FAGG, Circuit Judge.

Gary Moore was charged with first-degree burglary in 1994. At the conclusion of a pretrial suppression hearing held just before jury selection for Moore's trial, the Missouri trial court instructed Moore to "get yourself a legal pad or something, because during the trial you're not going to be allowed to talk at counsel table. If you have anything to say to [your attorney], you do that in writing, okay?" (Tr. 38.) Moore complied with the trial court's ban on oral communication with his attorney, but before the trial started, Moore's attorney informed the court Moore was "having difficulty communicating by paper because he . . . has a very

limited ability to write." (Tr. 159-60.) Moore's attorney asked the court to allow Moore to talk with him "as quietly as possible" while court was in session. Id. at 160. The court immediately denied the request without further inquiry, stating, "There's very little that needs to be discussed during a trial," it being the court's view that oral communication between Moore and his attorney was not necessary for the defense. Thus, the court ruled Moore could talk with his attorney during recesses, but while court was in session, they could communicate "by paper or not at all." Id. Moore's attorney objected, stating the court's ban prevented him from communicating with his client and denied Moore's constitutional rights. Although the court remarked that Moore had engaged in ongoing conversations with his attorney during the pretrial suppression hearing, the court made no specific findings that Moore would disrupt the trial if he were allowed to confer orally with his lawyer in the courtroom. After the jury convicted Moore, Moore personally raised the issue of his limited literacy during the sentencing hearing, telling the court: "I couldn't read and write good enough to write out what I wanted to say to [my attorney]." (Sent. Tr. 5.) The trial court then made clear that its prohibition against Moore's speaking was rooted in the judge's general practice: "I tell everybody not to talk in court."

The Missouri Court of Appeals affirmed Moore's conviction and fifteen-year prison sentence, holding the trial court did not abuse its discretion by prohibiting Moore from talking to his attorney while court was in session. Although the court did not question Moore's inability to communicate effectively with his attorney in writing, the court reasoned that Moore was never precluded from communicating with counsel, only from using certain means of communication. Despite the lack of record support, the state appellate court concluded Moore's "constant talking was distracting and disturbing," and the trial court's actions were "designed to maintain dignity and decorum in the courtroom." State v. Moore, No. 66997, 66998, slip op. at 4-5 (Mo. Ct. App. June 11, 1996). The Missouri Supreme Court declined to review Moore's case. Moore filed a timely federal habeas petition. Based on the magistrate judge's

thorough report, the district court[*] granted Moore habeas relief under 28 U.S.C. § 2254(d)(1), concluding the state trial court's bar on oral communication between Moore and his attorney in the courtroom violated Moore's Sixth Amendment right to the effective assistance of counsel. The State of Missouri appeals. Having reviewed the district court's conclusion de novo, Carter v. Kemna, 255 F.3d 589, 591 (8th Cir. 2001), we affirm.

Because Moore's habeas petition was filed in 1998, it is governed by 28 U.S.C. § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Section 2254(d)(1) permits federal courts to grant a writ of habeas corpus when a state court's judgment on the merits "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1) (Supp. IV 1999). A state court's decision is contrary to clearly established Federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the Supreme] Court has on a set of materially indistinguishable facts." Williams v. Taylor, 529 U.S. 362, 413 (2000). As in Moore's case, a state court's decision involves an unreasonable application of Supreme Court precedent when the state court "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." Id. at 407. When making the unreasonable application inquiry, we ask whether the state court's application of or refusal to extend principles was objectively unreasonable. Id. at 409.

---

[*]The Honorable E. Richard Webber, United States District Judge for the Eastern District of Missouri.

As a part of the right to effective assistance of counsel, the Sixth Amendment guarantees a defendant the right to confer with counsel in the courtroom about the broad array of unfolding matters, often requiring immediate responses, that are relevant to the defendant's stake in his defense and the outcome of his trial. Geders v. United States, 425 U.S. 80, 88 (1976); United States v. Miguel, 111 F.3d 666, 672 (9th Cir. 1997). Except when the defendant is testifying, or during brief recesses in that testimony, the defendant enjoys an absolute "right to unrestricted access to his lawyer for advice on a variety of trial-related matters." Perry v. Leeke, 488 U.S. 272, 284 (1989). The defendant's ability to communicate with counsel in court remains "one of the defendant's primary advantages of being present at the trial." Illinois v. Allen, 397 U.S. 337, 344 (1970). A defendant may lose his Sixth Amendment right if, after being warned by the judge of the consequences, the defendant repeats disruptive behavior. Id. at 343. Nevertheless, "courts must indulge every reasonable presumption against the loss of constitutional rights." Id.

In our view, the state trial court ran afoul of these principles in prohibiting Moore from talking quietly with his attorney in the courtroom during the trial. Because of Moore's uncontroverted limited writing skills, the trial court's ban on Moore speaking quietly with his attorney effectively prevented Moore from communicating with his attorney at all while court was in session. The record does not show that Moore's conversations with his attorney would disrupt court proceedings, or that the trial court ever warned Moore about being disruptive or gave him an opportunity to correct disruptive behavior before banning him from talking altogether. Instead, the record shows the trial court simply thought defendants had little reason to talk with their attorneys in the courtroom, and maintained a general practice of not allowing it.

Likewise, in the circumstances of this case, the Missouri Court of Appeals decision upholding the trial court's bar on oral communications between Moore and his attorney during court was an unreasonable application of Supreme Court

precedent warranting habeas relief under § 2254(d)(1). Specifically, the Missouri Court of Appeals' failure to apply the precedents' principles to Moore's situation is objectively unreasonable. In upholding the trial court's ban, the Missouri Court of Appeals distinguished the Supreme Court's decision in Geders, which held the Sixth Amendment was violated by a trial court's order that a testifying defendant not confer with his attorney during an overnight recess between the defendant's direct and cross-examination, 425 U.S. at 91, because the defendant would be likely to confer on "matters that the defendant does have a constitutional right to discuss with his lawyer," Perry, 488 U.S. at 284. In the Missouri Court of Appeals' view, Moore's case did not involve a complete denial of access to counsel like Geders because Moore was permitted to communicate with counsel in writing. This view ignores the uncontested fact that Moore could not write well enough to do so, however. The Missouri Court of Appeals also thought the trial court had discretion to prohibit Moore's talking because of his ongoing conversations with counsel during the pretrial hearing, but the record is inadequate to support this prohibition under Allen. Even assuming the Court of Appeals' finding that Moore's talking "was distracting and disturbing" is correct, see 28 U.S.C. § 2254(e)(1), there is no basis for a finding Moore's behavior constituted a waiver of his Sixth Amendment rights, particularly when the trial court did not warn Moore and give him an opportunity to conform before imposing the ban on oral communication. See Allen, 397 U.S. at 343. Because Moore was actually or constructively denied the assistance of counsel altogether during trial court proceedings, the denial is reversible without a showing of prejudice. Perry, 488 U.S. at 280.

We thus affirm the district court's order granting Moore's habeas petition. If Missouri does not retry Moore within a reasonable time, the State must set him free. See Foster v. Lockhart, 9 F.3d 722, 727 (8th Cir. 1993).

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.