[Cite as *State v. Saunders*, 2016-Ohio-292.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102731**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# JEFFREY SAUNDERS

DEFENDANT-APPELLANT

---

### JUDGMENT:
### REVERSED AND REMANDED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-581979-A

**BEFORE:** Laster Mays, J., Kilbane, P.J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 28, 2016

**ATTORNEY FOR APPELLANT**

Thomas A. Rein
700 W. St. Clair, Suite 212
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: Edward R. Fadel
Assistant County Prosecutor
Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

ANITA LASTER MAYS, J.:

**{¶1}** Defendant-appellant Jeffrey Saunders ("Saunders") was found guilty of obstructing official business with the furthermore finding of a risk of physical harm, a fifth-degree felony, in violation of R.C. 2921.31(A). The trial court imposed a sentence of two-years probation.

**{¶2}** After a review of the record, we reverse Saunders's conviction and remand to the trial court for a new trial. Saunders assigns five errors for our review, however our decision on the first assignment of error is dispositive of the case. Still we review the fifth assignment of error, which is a separate issue and overrule appellant's argument.

> I. Whether the appellant's rights to due process and equal protection under the Ohio and the United States Constitutions were violated when the state excluded an African-American juror without providing a satisfactory race-neutral reason and without the trial court correctly applying the law.
>
> II. Whether the trial court erred in denying the appellant's motions for acquittal when the state failed to present sufficient evidence to sustain a conviction.
>
> III. Whether the appellant's conviction is against the manifest weight of the evidence.
>
> IV. Whether the trial court erred in violation of the Sixth and Fourteenth Amendments to the United States Constitution which provides rights to confrontation and cross-examination when it did not permit appellant to inquire about the credibility of the officer and the injuries caused by the officer.
>
> V. Whether appellant was denied effective assistance of counsel as guaranteed by Section 10, Article 1, of the Ohio Constitution and the Sixth and Fourteenth Amendments.

## I.  Facts and Procedural Posture

{¶3} The victim, Harun Abdul-Ali ("Ali"), an officer for the Cuyahoga Metropolitan Housing Authority Police Department, testified that he responded to a noise complaint at an apartment building. The complainant said that loud music was coming from an adjacent apartment. When Ali arrived at the apartment, he heard music, but it was not excessively loud. Ali knocked on the door and Saunders opened it to let him inside of the apartment. Ali asked to speak to the leaseholder because he knew that the leaseholder was a female. There was a woman inside who stated that she was house-sitting for her sister while she was out of town. Ali then asked to see her identification as well as Saunders. The woman stated that she did not have identification, but provided her information verbally to Ali, which checked out to be accurate.

{¶4} Saunders, however, refused to show his ID to Ali and an altercation ensued. When Saunders left the apartment and walked into the hallway, Ali asked him to stop, but Saunders kept walking. Saunders had his hands in his pocket, and Ali grabbed Saunders arms to take his hands out of the pockets. According to Ali, Saunders struggled and pushed him into the wall. Ali used his taser to try and stop Saunders from continuing down the hallway. Ali also radioed for backup. Once backup arrived, the officers tased Saunders again, threw him to the ground, and handcuffed him. Saunders was charged with one count of assault on a police officer, burglary, and obstructing official business that created a risk of physical harm to the officer. Saunders requested a jury trial.

{¶5} During the voir dire process, both the state and defense counsel questioned the jurors. The state asked that juror 2, an African-American, be dismissed. Saunders's trial counsel made a *Batson* challenge, but the court dismissed his challenge and did not conduct a hearing. The court explained to trial counsel that "this is his only challenge so far. There are a number of other minorities, so there has to be a pattern." (Tr. 142.) The trial continued, the burglary count was dismissed, and the jury found Saunders not guilty of assault on a police officer and guilty of obstructing official business. Saunders was sentenced to two-years probation. As a result, Saunders files this timely appeal.

## II.    Juror Dismissal

{¶6} Saunders, who is African-American, contends that his rights to due process and equal protection under the Ohio and the United States Constitutions were violated when the state excluded an African-American juror without providing a satisfactory race-neutral reason and without the trial court correctly applying the law. We agree with his contention.

> Whenever a party opposes a peremptory challenge by claiming racial discrimination, the duty of the trial court is to decide whether granting the strike will contaminate jury selection through unconstitutional means. The inquiry, therefore, is whether the trial court's analysis of the contested peremptory strike was sufficient to preserve a constitutionally permissible jury-selection process. A trial court's finding of no discriminatory intent will not be reversed on appeal absent a determination that it was clearly erroneous. The trial court, in supervising voir dire, is best equipped to resolve discrimination claims in jury selection, because those issues turn largely on evaluations of credibility.

*Martin v. Nguyen*, 8th Dist. Cuyahoga No. 84771, 2005-Ohio-1011, ¶ 9. Once the defense counsel challenged a juror's dismissal based on the juror's race, it was incumbent

on the court to conduct a *Batson* hearing to decide if there was merit to defense counsel's challenge.

> In order to state a prima facie case of purposeful discrimination under *Batson v. Kentucky*[, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986)], an accused must demonstrate: (1) that members of a recognized racial group were peremptorily challenged; and (2) that the facts and circumstances raise an inference that the prosecutor used the peremptory challenge to exclude the jurors on account of their race.

*Id*. at ¶ 6.

{¶7} The trial judge in this case did not conduct a hearing and dismissed defense counsel's objections because this was the state's first request to dismiss a juror. However, that was not for the court to argue, but the state. The judge must give defense counsel an opportunity to show that there could be purposeful discrimination in the state's dismissal of a juror. Once a prima facie case has been made, the state must then make a neutral explanation. *Id*. at ¶ 7.

> Once a race-neutral explanation for the peremptory challenge has been offered, and the trial court has ruled on the ultimate question of intentional discrimination, the preliminary issue of whether a prima facie showing has been made becomes moot.

*Id*. at ¶ 8.

{¶8} It is possible that the state's challenge of the juror had nothing to do with her race; however, once a *Batson* challenge has been made, it is up to the court to conduct a hearing to determine if the dismissal was race-neutral.

> The Ohio Supreme Court held in *Hicks v. Westinghouse*[, 78 Ohio St.3d 95, 676 N.E.2d 872 (Apr. 2, 1997)], "trial judges must exercise considerable care in reviewing a claim for racial discrimination in jury selection. A judge should make clear, on the record, that he or she understands and has

applied the precise *Batson* test when racial discrimination has been alleged in opposition to a peremptory challenge."

*Id*. at ¶ 13.   In this case, the record was not clear as to whether the judge applied the *Batson* test.   The record just reflects that the court stated, "there has to be a pattern." That was not an adequate hearing because the defense counsel was not given an opportunity to make a prima facie case of purposeful discrimination.   Once defense counsel makes a *Batson* challenge, they must be allowed to demonstrate that "(1) that members of a recognized racial group were peremptorily challenged; and (2) that the facts and circumstances raise an inference that the prosecutor used the peremptory challenge to exclude the jurors on account of their race."   *Id*. at ¶ 6.

{¶9} The United States Supreme Court agreed with this assertion in *Snyder v. Louisiana*, 552 U.S. 472, 128 S.Ct. 1203, 170 L.Ed.2d 175 (2008), where the court stated "*Batson* provides a three-step process for a trial court to use in adjudicating a claim that a peremptory challenge was based on race:   First, a defendant must make a prima facie showing that a peremptory challenge has been exercised on the basis of race * * *." *Snyder* reiterates our assertion that the defense counsel must be allowed to make a prima facie case to show that the challenge was based on race.   Once defense counsel has an opportunity to argue their reasoning, then the trial court can rule on whether a prima facie case has been made.   In this case, the defense counsel was not given the chance to do so before the trial court rejected the objection.

{¶10} The state argues that our decision in *State v. Moseley,* 8th Dist. Cuyahoga No. 92110, 2010-Ohio-3498, applies here.   In *Moselely*, we held that "in reviewing a trial

court's ruling on a *Batson* challenge, we will not disturb the court's decision unless we find it to be clearly erroneous." *Id*. at ¶ 35. "This deferential standard arises from the fact that step three of the *Batson* inquiry turns largely on the evaluation of credibility by the trial court." *Id*. However we disagree with the state that *Moseley* applies here because this standard of review applies when there is a hearing on the *Batson* challenge at the trial level, and the appellant disagrees with the ruling. We agree that this deferential standard applies to the ruling, only if there is a hearing and ruling.

{¶11} In *Moseley*, the trial courts applied the three-part test from *Batson*. "Trial courts are to apply a three-step procedure for evaluating claims of racial discrimination in peremptory challenges." *State v. Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263, ¶ 64.

> First, the opponent of the peremptory strike must make a prima facie case of racial discrimination. *Id*. "To make a prima facie case of such purposeful discrimination, an accused must demonstrate: (a) that members of a recognized racial group were peremptorily challenged; and (b) that the facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude jurors on account of their race." (Internal citations and quotations omitted.)

*State v. Hill*, 73 Ohio St.3d 433, 444-445, 653 N.E.2d 271 (1995).

{¶12} Second, "if the trial court finds that the opponent has set forth a prima facie case, then the proponent of the strike must come forward with a racially neutral explanation for the strike." *State v. Bryan*, 101 Ohio St.3d 272, 2004-Ohio-971, 804 N.E.2d 433, ¶ 106. "The explanation need not rise to the level justifying exercise of a challenge for cause." *Id*.

**{¶13}** Third, "if the proponent puts forward a racially neutral explanation, the trial court must decide, on the basis of all the circumstances, whether the opponent has proved purposeful racial discrimination." *State v. Herring*, 94 Ohio St.3d 246, 256, 2002-Ohio-796, 762 N.E.2d 940. This final step involves evaluating "the persuasiveness of the justification" proffered by the prosecutor, but "the ultimate burden of persuasion regarding racial motivation rests with, and never shifts from, the opponent of the strike." *Collins v. Rice*, 546 U.S. 333, 338, 126 S.Ct. 969, 163 L.Ed.2d 824 (2006), quoting *Purkett v. Elem*, 514 U.S. 765, 768, 115 S.Ct. 1769, 131 L.Ed.2d 834 (1995) (per curiam). "The trial court, however, may not simply accept a proffered race-neutral reason at face value; it must examine the prosecutor's challenges in context to ensure that the reason is not merely pretextual." *Frazier*, 115 Ohio St.3d 139, 2007-Ohio-5048, 873 N.E.2d 1263 at ¶ 65. The trial court in this case did not use this three-part test to conclude whether defense counsel had a plausible reason or argument for objecting to the dismissal. Nor did the state have an opportunity to state its reasons for the objection. Had the trial court conducted a hearing and made a ruling, our decision would have been substantially deferential to the ruling, in light of *Moseley*, absent abuse of discretion.

**{¶14}** We conclude that the trial court has committed reversible error by failing to conduct a *Batson* hearing and allowing the state to explain its non-racial reasons for removing an African-American juror. We reverse Saunders's conviction and remand to the trial court for a new trial.

## III. Ineffective Assistance of Counsel

**{¶15}** In his fifth assignment of error, Saunders contends that he was denied effective assistance of counsel as guaranteed by Section 10, Article I, of the Ohio Constitution and the Sixth and Fourteenth Amendments. In order to substantiate a claim of ineffective assistance of counsel, the appellant must show that: (1) counsel's performance was deficient, and (2) the deficient performance prejudiced the defendant so as to deprive him of a fair trial. *State v. Trimble*, 122 Ohio St.3d 297, 2009-Ohio-2961, 911 N.E.2d 242, citing *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). When a convicted defendant complains of the ineffectiveness of counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness. *Strickland* at 688. Judicial scrutiny of defense counsel's performance must be highly deferential. *Id.* at 689. In Ohio, there is a presumption that a properly licensed attorney is competent. *State v. Calhoun*, 86 Ohio St.3d 279, 714 N.E.2d 905 (1999).

**{¶16}** Even assuming that counsel's performance was ineffective, the defendant must still show that the error had an effect on the judgement. *State v. Bell*, 8th Dist. Cuyahoga No. 102141, 2015-Ohio-4178, citing *State v. Bradley*, 142 Ohio St.3d 136.142, 538 N.E.2d 373 (1989). Reversal is warranted only where the defendant demonstrates that there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. *Id.*

**{¶17}** To prevail on this claim, Saunders must show that: (1) his counsel's performance was deficient, i.e. fell below an objective standard of reasonable

representation, and (2) the deficient performance prejudiced the defense so as to deprive Saunders of a fair trial. To establish prejudice, Saunders must show that there is a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different. *State v. Sutton,* 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074, ¶ 18. Failure to establish either element is fatal to the claim. Therefore, if one element is dispositive, a court need not analyze both. *Id.* Saunders argues that because his trial counsel did not argue enough for *Batson* hearing, he was denied effective assistance of counsel. We disagree with his assertion.

**{¶18}** Saunders's trial counsel did make an objection to the state's challenge of an African-American juror. His counsel stated "I object, I'm make I go a *Batson* challenge, Your Honor." (Tr. 141.) She was interrupted by the judge, and her argument was dismissed. When the trial judge dismissed her argument, defense counsel stated, "Well, I'm going to revisit that objection then, Your Honor." (Tr. 143.) If trial counsel had not made the *Batson* challenge, maybe Saunders would have a plausible argument, but she did. The judge, who is in control of the proceedings, dismissed her challenge. This action does not rise to the level of ineffective assistance of counsel. Therefore, Saunders's fifth assignment of error is overruled.

**{¶19}** The judgement of the trial court is reversed and remanded for further proceedings consistent with this opinion.

It is ordered that the appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellant Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY EILEEN KILBANE, P.J., and
PATRICIA ANN BLACKMON, J., CONCUR