[Cite as *State v. Lee*, 2020-Ohio-6738.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

STATE OF OHIO,                           :

    Plaintiff-Appellee,          :

    v.                                   :

ANDRE LEE,                               :

    Defendant-Appellant.         :

No. 109215

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 17, 2020

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-643978-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Kristin M. Karkutt, Assistant Prosecuting Attorney, *for appellee.*

John B. Gibbons, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Defendant-appellant Andre Lee ("Lee") appeals his conviction and sentence and asks this court to vacate both. For the reasons that follow, we affirm.

{¶ 2} After a jury trial, Lee was found guilty of one count of murder, an unclassified felony, in violation of R.C. 2903.02(B) with a one- and three-year

firearm specification; one count of felonious assault, a second-degree felony, in violation of R.C. 2903.11(A)(1) with one- and three-year firearm specifications; one count of carrying concealed weapons, a fourth-degree felony, in violation of R.C. 2923.12(A)(2); two counts of drug possession, fifth-degree felonies, in violation of R.C. 2925.11(A); and one count of possessing criminal tools, a fifth-degree felony, in violation of R.C. 2923.24(A). The trial court returned guilty verdicts on the previously bifurcated 54-month firearm specification and Count 5, having weapons while under disability, a third-degree felony, in violation of R.C. 2923.13(A)(2). Lee was found not guilty of murder, an unclassified felony, in violation of R.C. 2903.02(A); and voluntary manslaughter, a felony of the first-degree, in violation of R.C. 2903.03(A). The trial court sentenced Lee to a term of 24 years-to-life imprisonment.

## I.    Facts and Procedural History

{¶ 3}    Lee elected to have a jury trial on all counts with the exception of the having weapons while under disability count, together with the 54-month firearm specification, where he elected to have the trial court decide. During voir dire, the state used peremptory challenges to excuse two African-American jurors and requested a third African-American juror be excused for cause. After the state excused the first African-American juror, Juror No. 6 ("Juror No. 6"), Lee's defense counsel objected and stated:

> Your Honor, for the record, the State of Ohio used its first peremptory to excuse — to attempt to excuse Juror No. 6, who is an African-

American female.  My client, for the record, Judge, obviously is an African-American male.

My position is that this juror indicated that she can follow the law, be fair and impartial, and do everything that the Court and the parties ask her to do in terms of being proper and fair and an impartial juror.

(Tr. 120-121.)

{¶ 4} After defense counsel's objection, the state responded and stated:

Your Honor, the makeup of the 12 jurors in the box at this time, there are five African-Americans, including one African-American male, four African-American females, and seven what appear to be Caucasian individuals.

I don't think the State's excuse of Juror No. 6 will — I'm sorry — No. 6 rises to the level of a *Batson* challenge.

However, I'll note when the Court read the charges to the jury at the beginning of voir dire, this juror made a number of faces when the State was conducting its voir dire.  She kept her head down.  She was playing [sic] her hands, was not engaged with the State of Ohio.  And for those reasons, we would ask that she be removed.

(Tr. 121.)

{¶ 5} In response to the state's explanation, the trial court removed Juror No. 6, and the state replaced Juror No. 6, with another African-American juror. The state then used another peremptory challenge to excuse a second African-American, Juror No. 7 ("Juror No. 7"), and defense counsel raised an objection, stating:

But for the record, Judge, my client is African-American.  Juror No. 7 is African-American.  That juror was very responsive, did communicate that the juror could follow the law, and would have no problems with all the concepts, indicated that the juror would be fair and impartial, was willing to serve.

So again, I'm making the *Batson* argument saying it's improper to excuse or remove this juror.

(Tr. 131.)

{¶ 6}    The state responded, stating,

I'll note for the record, if I may, going back to the previous objection and for this one, that while the State of Ohio did remove two African-American — or attempted to remove two African-American jurors, the jurors that replace them on each time are also African-American.

But with respect to Juror No. 7, she indicated that there was some criminal history within her family, that her half-brother was also the victim of a homicide.

And while she indicated she would be fair and impartial, you know, the State generally doesn't want to see jurors who have individuals who have been touched by a crime similar to the one in which we're asking them to serve.

(Tr. 131-132.)

{¶ 7}    Again, the trial court excused Juror No. 7, and replaced Juror No. 7 with Ms. R., who became new Juror No. 7 ("New Juror No. 7").  The state, requested New Juror No. 7 be removed for cause, stating:

The State is requesting that Ms. R. be removed for cause. When she got into the jury box, she gave a very loud, audible sigh, was very reluctant in answering the judge's questions.  In fact, answered that [she] and her family members have been victims of crimes but then refused to elaborate and respond to the Court's questions.

When asked pointedly by this Court if she thought she could sit on this jury during the nature of the charges, she said no.

Then when the State inquired and asked her if she was being truthful, if she wanted to be here, she said no.

I think for all of those reasons that she should be removed for cause.

(Tr. 139-140.)

**{¶ 8}** Defense counsel objected, stating:

Judge, kind — I'm going to object for the record. This is an African American female. Again, my client is African American.

When I asked her could you follow the law as this Court gives it to her as to the burden of proof, that being beyond a reasonable doubt, and whether she would follow the presumption of innocence, she answered in the affirmative to all those.

I think she would be a fair and impartial juror, and I'm going to object to her removal.

(Tr. 140.)

**{¶ 9}** The trial court responded to defense counsel's objection by stating:

You know, she gave conflicting answers. First of all, she did sigh audibly when I called her up. She made absolutely no eye contact with me whatsoever. When she answered, she seemed — I don't know if annoyed is the right word, but certainly displeased with having to be here and answering these questions.

Now, she told me and [the state] that she was — she didn't want to be here. She told [defense counsel] that she would be fair and impartial.

And so based on her body language, her tone of voice, and her lack of eye contact and the answers that she gave, I am going to remove her for cause.

And I note your objection.

(Tr. 140-141.)

**{¶ 10}** The case proceeded to trial. Lee was found guilty of the previously stated offenses, and the trial court sentenced him to a term of 24 years-to-life imprisonment. Lee filed this timely appeal assigning one error for our review:

I.   The defendant appellant Andre Lee was denied his right to due process of law and equal protection under the law as guaranteed by the United States and Ohio Constitutions, when the

prosecuting attorney was permitted by the trial court to exercise a pattern of peremptory challenges directed against African-American prospective jury members, all in violation of the teachings of *Batson v. Kentucky*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986).

## II. *Batson* Challenge

### A. Standard of Review

{¶ 11} In reviewing a trial court's ruling on a *Batson* challenge, this court will not overturn the court's decision unless we determine that the decision is clearly erroneous. *State v. Moseley*, 8th Dist. Cuyahoga No. 92110, 2010-Ohio-3498, ¶ 35. "This Court gives deference to the trial court's ruling on a *Batson* issue, which is mainly an evaluation of credibility." *State v. Boynton*, 8th Dist. Cuyahoga No. 93598, 2010-Ohio-4248, ¶ 12, citing *State v. Murphy*, 91 Ohio St.3d 516, 530, 2001-Ohio-112, 747 N.E.2d 765. "'Deference is necessary because a reviewing court, which analyzes only the transcripts from voir dire, is not as well positioned as the trial court is to make credibility determinations.'" *State v. Ford*, 8th Dist. Cuyahoga No. 105698, 2018-Ohio-2128, ¶ 22, quoting *Miller-El v. Cockrell*, 537 U.S. 322, 339, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003).

### B. Law and Analysis

{¶ 12} Lee, an African-American, contends that the trial court erred when it overruled defense counsel's *Batson* challenges regarding peremptory challenges of three African-American jurors.[1]

---

[1] The third juror was dismissed for cause. However, appellant argues that all three challenges were peremptory.

Whenever a party opposes a peremptory challenge by claiming racial discrimination, the duty of the trial court is to decide whether granting the strike will contaminate jury selection through unconstitutional means. The inquiry, therefore, is whether the trial court's analysis of the contested peremptory strike was sufficient to preserve a constitutionally permissible jury-selection process. A trial court's finding of no discriminatory intent will not be reversed on appeal absent a determination that it was clearly erroneous. The trial court, in supervising voir dire, is best equipped to resolve discrimination claims in jury selection, because those issues turn largely on evaluations of credibility. *Martin v. Nguyen*, 8th Dist. Cuyahoga No. 84771, 2005-Ohio-1011, ¶ 9.

*State v. Saunders*, 2016-Ohio-292, 58 N.E.3d 470, ¶ 6 (8th Dist.).

{¶ 13} Lee argues that the state exercised a pattern of peremptory challenges directed against African-American prospective jurors in violation of *Batson*.

In *Batson*, the United States Supreme Court found that the Equal Protection Clause of the United States Constitution applies to a state's use of peremptory challenges during jury selection. *Batson v. Kentucky*, 476 U.S. 79, 89, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *Batson* prohibits the state from utilizing a peremptory challenge solely on the basis of the potential juror's race or "on the assumption that black jurors as a group will be unable impartially to consider the State's case against a black defendant." *Id.*

*State v. Blackshear*, 8th Dist. Cuyahoga No. 108916, 2020-Ohio-3187, ¶ 17.

{¶ 14} There is a three-step test to determine whether or not a peremptory strike violates a defendant's equal protection rights. *Id.* at ¶ 18. First, the defendant must demonstrate a *prima facie* case that the peremptory strike was racially discriminatory. *Id.* To make this case, the defendant must show, "'(a) that members of a recognized racial group were peremptorily challenged; and (b) that the facts and any other relevant circumstances raise an inference that the prosecutor used the peremptory challenges to exclude jurors on account of their race.'" (Internal

citations and quotations omitted.) *Moseley*, 2010-Ohio-3498, ¶ 32, quoting *State v. Hill*, 73 Ohio St.3d 433, 444-445, 653 N.E.2d 271 (1995).

{¶ 15} Second, "[i]f the defendant presents a prima facie case, the burden then shifts to the state to provide a race-neutral basis for the peremptory challenge." *Blackshear* at ¶ 19, citing *State v. May*, 2015-Ohio-4275, 49 N.E.3d 736, ¶ 44 (8th Dist.). "Unless a discriminatory intent is inherent in the prosecutor's explanation, the reason offered will be deemed race neutral." (Internal citations and quotations omitted.) *State v. Burkes*, 8th Dist. Cuyahoga No. 106412, 2018-Ohio-4854, ¶ 58.

{¶ 16} Third, the trial court must determine whether or not the defendant proved that the peremptory strike was purposeful discrimination. *Blackshear* at ¶ 20. "The trial court must examine the peremptory challenge in context to ensure the offered race-neutral reasoning is not simply pretextual." *May* at ¶ 45. The trial court considers the persuasiveness of the state's reasoning, but the opponent bears the burden of persuasion regarding racial motivation. *Moseley* at ¶ 34.

{¶ 17} Lee objected to the state dismissing three African-American jurors. Although all three jurors were African-American, members of the recognized racial group, we find that Lee did not demonstrate facts or any other relevant circumstances raising an inference that the prosecutor used the peremptory challenges to exclude jurors on account of their race. There was no evidence of discriminatory intent inherent in the state's explanation and therefore, the reasons offered were race neutral.

{¶ 18} In the case of Juror No. 6, the state explained to the court "this juror made a number of faces when the State was conducting its voir dire. She kept her head down. She was playing [sic] her hands, was not engaged with the State of Ohio." (Tr. 121.) The state also noted that there were five other members of the jury that were African-American. A trial court can use that fact, of the makeup of the jury, as an indication of nondiscriminatory motives. *See State v. Lewis*, 2017-Ohio-7480, 96 N.E.3d 1203, ¶ 38 (8th Dist.). *See, e.g., United States v. Lane*, 866 F.2d 103, 106 (4th Cir.1989) ("the fact that two black jurors were seated on Lane's jury and * * * prosecutor exercised only one of his three peremptory challenges tends to negate a motive to discriminate"). However, this court notes that there is not a set number or quota of African-American jurors to override a *prima facie* case of racial discrimination if there is a demonstrated pattern of peremptory strikes against jurors based on their race. Nonetheless, in this case, the trial court noted the defendant's objection and accepted the state's reasoning and dismissed the juror.

{¶ 19} Lee argues, however, that the trial court did not conduct a *Batson* hearing on his objection. "Once defense counsel challenges a juror's dismissal based on the juror's race, it is incumbent on the court to conduct a *Batson* hearing to decide if there was merit to defense counsel's challenge." *State v. Lee*, 2018-Ohio-1523, 111 N.E.3d 503, ¶ 34 (8th Dist.). The state argues, in response, that the trial court was not required to verify the race-neutral reasons given by the state because the defense did not make a *prima facie* case of discrimination. However, we find that this argument becomes moot when the state presented a race-neutral explanation that

was accepted by the trial court. *See Blackshear*, 2020-Ohio-3187, ¶ 23 ("Initially, the state argues Blackshear failed to establish the first step of the *Batson* analysis — a prima facie case of discrimination. However, this issue is moot because the state presented a race-neutral explanation that was accepted by the trial court * * *.").

{¶ 20} The state also argued that the trial court's failure to conduct a *Batson* hearing is harmless error based upon our decision in *State v. Webster*, 8th Dist. Cuyahoga No. 102833, 2016-Ohio-2624. In *Webster*, the trial court failed to conduct a hearing on a *Batson* challenge and "noted defense counsel's objection and proceeded with voir dire without any further discussion." *Id.* at ¶ 62. In response, this court stated that "the United States Supreme Court held that a state court's erroneous denial of a peremptory strike did not amount to a deprivation of a defendant's Fourteenth Amendment due process right and was thus subject to harmless error review." *Id.* at ¶ 63, citing *Rivera v. Illinois*, 556 U.S. 148, 152, 129 S.Ct. 1446, 173 L.Ed.2d 320 (2009). We agree with the decision in *Webster* and review Lee's claim for harmless error.

{¶ 21} Crim.R. 52(A) defines harmless error and also states that "[a]ny error, defect, irregularity, or variance which does not affect substantial rights shall be disregarded." "[I]n order to be viewed as 'affecting substantial rights,' 'the error must have been prejudicial: It must have affected the outcome of the [trial] court proceedings.'" *State v. McCully*, 8th Dist. Cuyahoga No. 107888, 2020-Ohio-659, ¶ 17, quoting *State v. Fisher*, 99 Ohio St.3d 127, 2003-Ohio-2761, 789 N.E.2d 222, ¶ 7. Lee did not make a prima facie case of racial discrimination. The state proffered

a race-neutral reason for dismissing Juror No. 6, and the trial court did not commit a structural error in the venire process that would warrant reversal in this case. "Structural errors are those errors that 'are so intrinsically harmful as to require automatic reversal (i.e., "affect substantial rights") without regard to their effect on the outcome.'" *Webster* at ¶ 65, quoting *State v. Hill*, 92 Ohio St.3d 191, 196, 2001-Ohio-141, 749 N.E.2d 274. "A structural error is a 'defect affecting the framework within which the trial proceeds, rather than simply an error in the trial process itself.'" *Id.* at ¶ 65, quoting *Lainfiesta v. Artuz*, 253 F.3d 151 (2d Cir.2001).

{¶ 22} Although the trial court did not place its reasoning on the record, the important fact is that the court allowed Lee to state his *prima facie* case of discrimination. This is not a case where the court refused to hear the defendant's *Batson* claim. Therefore, Lee was not deprived of due process, and there was no structural error. *Id.* at ¶ 67.

{¶ 23} With regard to Juror No. 7, after Lee's *Batson* challenge, Lee objected, and the state offered its race-neutral reason for striking Juror No. 7. The state noted that the juror's half-brother was the victim of a homicide, and "the State generally doesn't want to see jurors who have individuals who have been touched by a crime similar to the one in which we're asking them to serve." (Tr. 132.) The trial court noted Lee's objection, but dismissed Juror No. 7 without a hearing. As with Juror No. 6, Lee has not demonstrated that he was deprived of due process. Lee did not demonstrate a prima facie case of racial discrimination, and that the trial court's failure to conduct a *Batson* hearing is harmless error.

{¶ 24} Lee's objection to the state's peremptory strike on the New Juror No. 7 is also without merit. After Lee's objection, the state noted the juror's demeanor, conflicting answers, and refusal to fully engage in the process as the reason for the strike. The trial court conducted a hearing and stated on the record:

> You know, she gave conflicting answers. First of all, she did sigh audibly when I called her up. She made absolutely no eye contact with me whatsoever. When she answered, she seemed — I don't know if annoyed is the right word, but certainly displeased with having to be here and answering these questions. Now, she told me and [the state] that she was — she didn't want to be here. She told [defense counsel] that she would be fair and impartial. And so based on her body language, her tone of voice, and her lack of eye contact and the answers that she gave, I am going to remove her for cause.
>
> And I note your objection.

(Tr. 140-141.)

{¶ 25} The court observed the juror and counsel throughout the voir dire process, found no racial motivation for the peremptory challenge, and thereby, rejected the *Batson* challenge. "Concern that a juror cannot act fairly and impartially is an appropriate race-neutral reason to seek removal of a juror." *Blackshear*, 8th Dist. Cuyahoga No. 108916, 2020-Ohio-3187, at ¶ 25, citing *Webster*, 8th Dist. Cuyahoga No. 102833, 2016-Ohio-2624, at ¶ 72. We find that the trial court did not err in accepting the prosecutor's response as a race-neutral reason for dismissing the juror. We find that Lee has not demonstrated a prima facie case of purposeful discrimination under *Batson*. We also find that Lee's due process rights were not violated, and the state did not engage in a racially discriminatory pattern of peremptory challenges of African-American jurors.

**{¶ 26}** The third juror was dismissed for cause. *Batson* only applies to peremptory challenges, not challenges for cause. *State v. Lewis*, 7th Dist. Mahoning No. 03 MA 36, 2005-Ohio-2699, ¶ 60, citing *Batson*, 476 U.S. 79, 106 S.Ct. 1712, 90 L.Ed.2d 69 (1986). *See also State v. Herring*, 94 Ohio St.3d 246, 256, 2002-Ohio-796, 762 N.E.2d 940. A challenge for cause has its own test, but Lee did not raise the argument, instead focusing entirely on *Batson*.

**{¶ 27}** The trial court has discretion when determining a juror's impartiality. *State v. Trussell*, 8th Dist. Cuyahoga No. 105777, 2018-Ohio-1838, ¶ 21. "A trial court is permitted to rely on a juror's testimony in determining that juror's impartiality." *Id.*, citing *State v. McKnight*, 107 Ohio St.3d 101, 2005-Ohio-6046, 837 N.E.2d 315, ¶ 191. "A trial court's ruling on a challenge for cause will not be overturned on appeal if the record supports it." *Id.*, citing *State v. Murphy*, 91 Ohio St.3d 516, 526, 747 N.E.2d 765 (2001). The record does not support that the trial court erred.

**{¶ 28}** Therefore, Lee's sole assignment of error is overruled.

**{¶ 29}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


_____
ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, P.J., and
MICHELLE J. SHEEHAN, J., CONCUR