[Cite as *State v. Lee*, 2021-Ohio-2925.]

# COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 109215 |
| v. | : | |
| ANDRE LEE, | : | |
| Defendant-Appellant. | : | |

---

JOURNAL ENTRY AND OPINION

**JUDGMENT:** APPLICATION DENIED
**RELEASED AND JOURNALIZED:** August 20, 2021

---

Cuyahoga County Court of Common Pleas
Case No. CR-19-643978-A
Application for Reopening
Motion No. 545002

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Callista Plemel, Assistant Prosecuting Attorney, *for appellee.*

Patituce & Associates, LLC, Joseph C. Patituce and Megan M. Patituce, *for appellant.*

ANITA LASTER MAYS, J.:

{¶ 1} Andre Lee has filed a timely App.R. 26(B) application for reopening. Lee is attempting to reopen the appellate judgment, rendered in *State v. Lee*, 8th

Dist. Cuyahoga No. 109215, 2020-Ohio-6738, that affirmed his conviction and sentence for the offenses of murder (R.C. 2903.22(B)), felonious assault (R.C. 2903.11(A)(1)), carrying a concealed weapon (R.C. 2923.12(A)(2)), drug possession (R.C. 2925.11), and possessing criminal tools (R.C. 2923.24). We decline to reopen Lee's appeal for the following reasons.

## I. Standard of Review Applicable to App.R. 26(B) Application for Reopening

{¶ 2} In order to establish a claim of ineffective assistance of appellate counsel, Lee is required to establish that the performance of his appellate counsel was deficient, and the deficiency resulted in prejudice. *Strickland v. Washington*, 466 U.S. 688, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 538 N.E.2d 373 (1989), *cert. denied*, 497 U.S. 1011, 110 S.Ct. 3258, 111 L.Ed.2d 767 (1990).

{¶ 3} In *Strickland*, the United States Supreme Court held that a court's scrutiny of an attorney's work must be highly deferential. The court further stated that it is all too tempting for a defendant to second-guess his attorney after conviction and that it would be too easy for a court to conclude that a specific act or omission was deficient, especially when examining the matter in hindsight. Thus, a court must indulge in a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy. *Strickland*.

{¶ 4} Moreover, even if Lee establishes that an error by his appellate counsel was professionally unreasonable, Lee must further establish that he was prejudiced; but for the unreasonable error there exists a reasonable probability that the results of his appeal would have been different. Reasonable probability, with regard to an application for reopening, is defined as a probability sufficient to undermine confidence in the outcome of the appeal. *State v. May*, 8th Dist. Cuyahoga No. 97354, 2012-Ohio-5504.

## II. First Proposed Assignment of Error

{¶ 5} Lee's first proposed assignment of error is that:

> The failure to inquire into the conflict in the attorney-client relationship before denying Mr. Lee's motion to discharge counsel is structural error.

{¶ 6} Lee, through his first proposed assignment of error, argues that the trial court erred by denying his request for new counsel. Specifically, Lee argues that the trial court's denial of the request for new counsel resulted in structural error. Substitution of trial counsel is required if a defendant can demonstrate good cause, conflict of interest, breakdown in communications, or irreversible conflict.

> In order to warrant a substitution of counsel during trial, the defendant must show good cause, such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict which leads to an apparently unjust verdict. * * * If a court refuses to inquire into a seemingly substantial complaint about counsel when he has no reason to suspect the bona fides of the defendant, or if on discovering justifiable dissatisfaction a court refuses to replace the attorney, the defendant may then properly claim denial of his Sixth Amendment right. * * * In the absence of a conflict which presents such a Sixth Amendment problem, the trial court has discretion to decide whether to grant a continuance during the course of trial for the substitution of

counsel, and that decision will be reversed only if the court has abused its discretion. * * *

(Citations omitted.) *United States v. Calabro*, 467 F.2d 973, 986 (2d Cir.1972).

{¶ 7} Herein, a review of the trial court transcript clearly demonstrates that Lee failed to establish good cause for the discharge of court-appointed trial counsel and the need for the appointment of new trial counsel. Lee failed to demonstrate a conflict of interest with counsel, a breakdown in communication with counsel, or any irreconcilable conflict. *See* tr. 9-12; *State v. Pruitt*, 18 Ohio App.3d 50, 480 N.E.2d 499 (8th Dist.1984); *State v. Patterson*, 8th Dist. Cuyahoga No. 100086, 2014-Ohio-1621.

{¶ 8} In addition, we find no structural error based upon the trial court's denial of Lee's request for new trial counsel. Structural errors are those errors that are so intrinsically harmful as to require automatic reversal without consideration of their effect on the outcome of the trial. *State v. Hill*, 92 Ohio St.3d 191, 2001-Ohio-141, 749 N.E.2d 274; *State v. Webster*, 8th Dist. Cuyahoga No. 102833, 2016-Ohio-2624. We find no structural error based upon the trial court's denial of a request for new trial. Lee has failed to establish any prejudice through his first proposed assignment of error.

### III. Second Proposed Assignment of Error

{¶ 9} Lee's second proposed assignment of error is that:

Trial counsel was ineffective for failing to move to sever irrelevant and prejudicial counts.

{¶ 10} Lee, through his second proposed assignment of error, argues that trial counsel was ineffective by failing to request the severance of counts for trial. Specifically, Lee argues that he was prejudiced by the simultaneous trial of the offenses of murder and drug possession.

{¶ 11} Lee has failed to establish how he was prejudiced by the failure of trial counsel to request severance for trial of the offenses for murder and drug possession. To the contrary, the charged offenses of murder and drug possession were directly related to each other and were simple and direct. *State v. Lott*, 51 Ohio St.3d 160, 555 N.E.2d 293 (1990).

{¶ 12} In addition, Crim.R. 8(A), provides that two or more offenses may be charged together if the offenses are of the same or similar character, or are based on the same act or transaction, or are part of a course of criminal conduct. *State v. Dean*, 146 Ohio St.3d 106, 2015-Ohio-4347, 54 N.E.3d 80; *State v. Williams*, 73 Ohio St.3d 153, 652 N.E.2d 721 (1995); *State v. Ferrell*, 8th Dist. Cuyahoga No. 100659, 2014-Ohio-4377. Ohio law clearly favors joining multiple offenses in a single trial if the requirements for joinder under Crim.R. 8(A) are met. Joinder is liberally permitted to conserve judicial resources, reduce the chance of incongruous results in successive trials, and diminish inconvenience to the witnesses. *State v. Nitsche*, 8th Dist. Cuyahoga No. 103174, 2016-Ohio-3170; *State v. Dantzler*, 10th Dist. Franklin Nos. 14AP-907 and 14AP-908, 2015-Ohio-3641; *State v. Morales*, 10th Dist. Franklin Nos. 03AP-318 and 03AP-319, 2004-Ohio-3391. Lee has failed to establish any prejudice through his second proposed assignment of error.

## IV. Third Proposed Assignment of Error

{¶ 13} Lee's third proposed assignment of error is that:

Appellant was denied effective assistance of counsel where trial counsel failed to move for the exclusion of irrelevant and prejudicial evidence.

{¶ 14} Lee, through his third proposed assignment of error, argues that he was prejudiced by the failure of trial counsel to request the exclusion of "irrelevant, inconclusive, and prejudicial evidence." Specifically, Lee argues that testimony from a Forensic Scientist, concerning a Trace Metal Detection Test and a Griess Test, should have been excluded pursuant to a *Daubert* challenge.

{¶ 15} Lee has failed to establish any prejudicial effect by the admission of testimony regarding a Trace Metal Detection Test and a Griess Test. To the contrary, the testimony adduced at trial provided negative results that favored Lee. *State v. Alexander*, 8th Dist. Cuyahoga No. 104281, 2017-Ohio-9011. Lee has failed to establish any prejudice through his third proposed assignment of error.

## V. Fourth Proposed Assignment of Error

{¶ 16} Lee's fourth proposed assignment of error is that:

The admission of opinion testimony over objection, denial of motion for mistrial, and failure to provide a narrowly tailored limiting instruction resulted in a denial of Appellant's right to due process.

{¶ 17} Lee, through his fourth proposed assignment of error, argues that he was prejudiced by the testimony of a police officer. Specifically, Lee argues that the statement of the police office, concerning Lee's credibility, was improper and should have resulted in a new trial.

{¶ 18} The testimony of the police officer was not directed toward the credibility of Lee as a witness.

> PROSECUTOR: And did anyone else come forward to provide you with any information with respect to the death of victim?
>
> POLICE OFFICER: Outside of the anonymous calls that I testified about earlier, no.
>
> PROSECUTOR: The vehicles, the Tahoe and the Blazer, are those still in the custody of the Cleveland Police Department?
>
> POLICE OFFICER: No.
>
> PROSECUTOR: What happened to them?
>
> POLICE OFFICER: The TrailBlazer that [victim] was driving was returned to [owner].
>
> PROSECUTOR: Okay.
>
> POLICE OFFICER: And the vehicle that the defendant was driving was returned to a friend of his.
>
> PROSECUTOR: Okay. The keys that were found with [victim's] belongings on the scene where he was shot, did those go with the TrailBlazer?
>
> POLICE OFFICER: Yes.
>
> PROSECUTOR: And were those turned over to the owner of the Blazer when they came to the police department to get it?
>
> POLICE OFFICER: Yes.
>
> PROSECUTOR: I have nothing further.
>
> THE COURT: Mr. [Defense Counsel].
>
> DEFENSE COUNSEL: Thank you, Judge
>
> * * *

DEFENSE COUNSEL: So in response to the prosecutor's question of [Police Officer], I asked to approach the bench, and my argument was that any answers elicited were going to be opinion testimony on the credibility of my client, whose statement we just heard during the course of the last several days. And I objected at that point, and then the prosecutor asked another question with reference to that, and the detective actually answered in response to the prosecutor's question about my client's credibility or lack thereof.

So, Judge, at this time, as a result of the Ohio Supreme Court in *State v. Boston* and the fact that there was direct opinion testimony of, one fact witness of the defendant that I'm going to make a motion for mistrial.

PROSECUTOR: Your Honor, the State of Ohio objects to that motion. The questioning of [Police Officer] was not regarding his opinion with respect to the defendant's credibility in his unsworn statement that we've listened to for the last three hours, but rather directly based upon his own investigation in attempts to verify the information provided by the defendant. So it wasn't his, you know, he's not — I don't find him to be credible. That wasn't the testimony of [Police Officer]. It was, rather, I was unable to verify the information that he provided with respect to his credibility.

So we'd ask that the motion be denied.

THE COURT: The motion is denied.

DEFENSE COUNSEL: Thank you, Judge.

Tr. 522-528.

{¶ 19} The testimony of the police officer was related to statements made by Lee to the police and did not impeach the credibility of Lee. *State v. Eastham*, 39 Ohio St.3d 307, 530 N.E.2d 409 (1988). We further find that the trial court properly denied the motion for mistrial, because the testimony of the police officer did not attack Lee's credibility. *State v. Pawlak*, 8th Dist. Cuyahoga No. 99555, 2014-Ohio-

2175. Lee has failed to establish any prejudice through his fourth proposed assignment of error.

## VI. Fifth Proposed Assignment of Error

{¶ 20} Lee's fifth proposed assignment of error is that:

The trial court erred in admitting gruesome, irrelevant photographs over defense objection.

{¶ 21} Lee, through his fifth proposed assignment of error, argues that the trial court erred by allowing the admission of two autopsy photographs. Specifically, Lee argues that the cause of death was not in dispute, thus limiting any probative value of the photographs.

{¶ 22} A trial court may reject a photograph due to its inflammatory nature if on balance the prejudice outweighs the relevant probative value. However, the mere fact that a photograph is gruesome or horrendous is not sufficient to render it per se inadmissible. *State v. Woodards*, 6 Ohio St.2d 14, 215 N.E.2d 568 (1966). The trial court has broad discretion in the admission of evidence and unless it has clearly abused its discretion and the defendant has been materially prejudiced by the admission of any photograph, this court may not interfere with the trial court's judgment. *State v. Hymore*, 9 Ohio St.2d 122, 224 N.E.2d 126 (1967).

{¶ 23} The fact that Lee stipulated to the cause of death does not automatically render the photographs inadmissible. The two photos, state's exhibits 199 and 120, corroborated and illustrated the testimony of the deputy medical examiner who performed the autopsy of the victim. He testified as to the location,

extent, and cause of the wounds sustained by the victim. The state did not use the two photographs to appeal to the jurors' emotions and to prejudice them against Lee. *State v. Thompson*, 33 Ohio St.3d 1, 514 N.E.2d 407 (1987); *State v. Keenan*, 66 Ohio St.3d 402, 613 N.E.2d 203 (1983). The state employed the photos at the trial to corroborate and illustrate the cause of the victim's death and to carry the state's ultimate burden of proof that Lee was guilty beyond a reasonable doubt. We cannot say that the trial court abused its discretion in allowing the admission of the two photographs. *State v. Maurer*, 15 Ohio St.3d 239, 473 N.E.2d 768 (1984). Lee has failed to establish that he was prejudiced through his fifth proposed assignment of error.

## VI.    Sixth Proposed Assignment of Error

{¶ 24} Lee's sixth proposed assignment of error is that:

> The inclusion of the flight instruction over objection of defense counsel was reversible, prejudicial error.

{¶ 25} Lee, through his sixth proposed assignment of error, argues that the trial court erred by providing the jury with a flight instruction. Specifically, Lee argues that there existed no basis to allow the trial court to instruct the jury regarding flight.

{¶ 26} We conclude that the trial court did not err when it instructed the jury regarding Lee's flight from the scene of the victim's murder. The evidence established that Lee fled from the murder scene. It is significant that after he fled following the murder, Lee did not return to the scene of the murder but was arrested

the next morning following a tip. The evidence adduced at trial warranted the flight instruction given by the trial court. *State v. Wood*, 2d Dist. Clark No. 2010-CA-42, 2011-Ohio-2314; *State v. Frock*, 2d Dist. Clark No. 2004-CA-76, 2006-Ohio-1254. Lee has failed to establish that he was prejudiced through his sixth proposed assignment of error.

## VII.   Seventh Proposed Assignment of Error

{¶ 27} Lee's seventh proposed assignment of error is that:

> Incomplete and inaccurate self-defense jury instructions, given over defense objection, constituted structural error and a denial of Appellant's due process rights.

{¶ 28} Lee, through his seventh proposed assignment of error, argues that the trial court improperly instructed the jury with regard to the claim of self-defense which resulted in structural error. However, Lee fails to explain how he was prejudiced by the trial court's jury instruction.

{¶ 29} App.R. 26(B) mandates that Lee not only set forth assignments of error, but Lee must also indicate the manner in which such deficiency prejudicially affected the outcome of his appeal. Relative to this assignment of error, appellant has failed to explain how he was prejudiced. The simple claim that the trial court's refusal to "include language sought by the defense" does not establish any prejudice. *State v. Simpson*, Slip Opinion No. 2020-Ohio-6719; *State v. Marcum*, 7th Dist. Columbiana No. 10-CO-17, 2012-Ohio-2721.

{¶ 30} In addition, the jury instructions delivered by the trial court were based upon the Ohio Jury Instructions that dealt with self-defense against danger of

death or great bodily harm and the use of deadly force. "The instructions found in Ohio Jury Instructions are not mandatory. Rather, they are recommended instructions based primarily upon case law and statutes, crafted by eminent jurists to assist trial judges with correctly and efficiently charging the jury as to the law applicable to a particular case." *State v. Settle*, 11th Dist. Trumbull No. 2015-T-0119, 2017-Ohio-703, ¶ 25.

{¶ 31} Herein, a review of the record indicates that the trial court employed *Ohio Jury Instructions*, CR Section 421.21 with regard to its instruction on self-defense. The jury instructions provided were identical to the language provided by the *Ohio Jury Instructions* and were complete. We find no prejudicial error associated with the trial court's jury instructions that dealt with self-defense. *State v. Chavez*, 3rd Dist. Seneca Nos. 13-19-05, 13-19-06, and 13-19-07, 2020-Ohio-426; *State v. Everett*, 1st Dist. Hamilton No. C-140275, 2015-Ohio-5273. Lee has failed to establish that he was prejudiced through his seventh proposed assignment of error.

## VIII.  Eighth and Ninth Proposed Assignments of Error

{¶ 32} Lee's eighth proposed assignment of error is that:

Appellant's conviction was against the manifest weight of the evidence.

{¶ 33} Lee's ninth proposed assignment of error is that:

The State failed to present sufficient evidence to prove each and every element of the offense beyond a reasonable doubt.

{¶ 34} Lee, through his eighth and ninth proposed assignments of error, argues that his convictions were against the manifest weight of the evidence and not supported by sufficient evidence. Lee, however, has failed to present any cognizable argument with regard to the eighth and ninth proposed assignments of error. Thus, Lee has failed to demonstrate how appellate counsel's performance was deficient and that he was prejudiced by appellate counsel's claimed deficiencies.

{¶ 35} In *State v. Kelly*, 8th Dist. Cuyahoga No. 74912, 2000 Ohio App. LEXIS 2907 (June 21, 2000), this court established that the mere recitation of assignments of error is not sufficient to meet the burden to prove that the applicant's appellate counsel was deficient for failing to raise the issues he now presents, or that there was a reasonable probability that the applicant would have been successful if the presented issues had been considered in the original appeal. *See also State v. Jones*, 8th Dist. Cuyahoga No. 99703, 2014-Ohio-4467; *State v. Hawkins*, 8th Dist. Cuyahoga No. 90704, 2009-Ohio-2246. The failure of Lee to present any cognizable argument with regard to manifest weight and sufficiency of the evidence results in the failure to demonstrate that his appellate counsel was deficient and that he was prejudiced by the alleged deficiency. *State v. Freeman*, 8th Dist. Cuyahoga No. 95511, 2011-Ohio-5151.

{¶ 36} Notwithstanding the failure of Lee to present any cognizable argument in support of his eighth and ninth proposed assignments of error, a review of the record clearly demonstrates that the convictions for the offenses of murder, felonious assault, carrying a concealed weapon, drug possession, and possessing

criminal tools were not against the manifest weight of the evidence. In a manifest weight analysis, an appellate court reviews the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses, and resolves conflicts in the evidence. An appellate court may not substitute its view for that of the jury unless it finds that the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed, and a new trial ordered. We cannot say that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed. *State v. Wilson*, 113 Ohio St.3d 382, 2007-Ohio-2202, 865 N.E.2d 1264; *State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997); *State v. Walker*, 8th Dist. Cuyahoga No. 109328, 2021-Ohio-2037.

{¶ 37} Finally, when reviewing the sufficiency of the evidence to support a criminal conviction, this court is required to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. A review of the record demonstrates that sufficient evidence was adduced at trial to support Lee's conviction for the offenses of murder, felonious assault, carrying a concealed weapon, and possessing criminal tools. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991); *State v. Matthews*, 8th Dist. Cuyahoga No. 97916, 2012-Ohio-5174; *State v. Hunter*, 8th Dist. Cuyahoga No. 86048, 2006-

Ohio-20. Lee has failed to establish that he was prejudiced through his eighth and ninth proposed assignments of error.

{¶ 38} Application denied.

_____

ANITA LASTER MAYS, JUDGE

MARY J. BOYLE, A.J., and
MICHELLE J. SHEEHAN, J., CONCUR